## GRINNAN vs. PLATT & EDWARDS.

The plaintiff remitted to the defendant a draft for $400, by mail, informing him, at the same time, that he might use it, if he would extend the time for the payment of a certain mortgage for $8000, which the defendant held, then overdue, for the period of one year. The plaintiff was under no personal liability to pay the mortgage. The defendant kept the draft, but declined to stay proceedings on his mortgage unless he received a further sum of $1100 on account of the mortgage, within fifteen days. *Held* that the plaintiff had a right to impose any condition upon the application or use of the money by the defendant; and that the latter could make no application or use of the money while disregarding the condition. That he must return the money, or else be held to have accepted the condition.

*Held also*, that the plaintiff was not to be driven to his remedy at law, but was entitled to an injunction to restrain the prosecution of a foreclosure suit.

DEMURRER to complaint. The action was brought to restrain the prosecution of a foreclosure suit.

*John Slosson*, for the defendants.

*P. T. Woodbury*, for the plaintiff.

LEONARD, J. The plaintiff remitted from Virginia to the defendant Edwards, at Newburgh, a sight draft for $400, informing him by the same letter which enclosed the draft, that he might use it if he would extend the time for the payment of a certain mortgage for $8000 which he held, then overdue, for the period of one year. Edwards by letter acknowledged the receipt of the draft, stated that he should present it the next day for payment, but declined to stay proceedings on his mortgage unless he received a further sum of $1100 on account of the mortgage, within fifteen days. The plaintiff purchased a moiety of the land covered by this mortgage, from the mortgagor, and held the other moiety thereof under an assignment from the mortgagor for the benefit of his creditors. He was under no personal liability to pay the mortgage. The plaintiff has obtained an injunction against any proceeding to foreclose the mortgage. Platt is made a party because the

Grinnan *v.* Platt.

premises in question were conveyed to him by the debtor in trust to secure the debt due Edwards, with authority to sell the land on default in payment of the said debt at maturity. This trust conveyance is designated herein as a mortgage, according to its legal effect.

While it is true that no contract has been entered into between the plaintiff and the defendant Edwards, for an extension of time, it is equally true that the plaintiff imposed a condition upon the defendant before he had the right to use the money sent him. The plaintiff was under no liability to Edwards, in respect to the money: it was his own, and he had the right to impose any condition upon the application or use of it. Edwards could make no application or use of the money, rightfully, while he disregarded the condition. He must return the money he so received, or else be held to have accepted the condition. Had any legal obligation rested on the plaintiff, the case might be different.

The defendant insists that the money was *paid* voluntarily. The error in this position is found in the fact that the money was not sent as a payment, except upon compliance with a condition.

It is also insisted that the plaintiff should be left to his remedy at law. This defense can be invoked only in case the party is entitled to the favorable consideration of the court. On the facts as they appear from the complaint, it is quite manifest that the defendant will have no available defense at law. Nor is it equitable for the defendant to use the money in question and disregard the condition which the plaintiff chose to affix.

The defendant Edwards also insists that an equity has arisen in his favor from the fact that the plaintiff holds one half of the land on which the debt is secured, as assignee of the mortgagor, for the benefit of creditors, and that the plaintiff has also made sale of a large part of the land. It does not appear that the assignment provides for the payment of the mortgage; or that any part of the land has been sold, otherwise

than subject to the mortgage. The legal inference is, I think, that it is the equity of redemption only that was assigned for creditors, and that the mortgage debt would not be provided for as a preferred demand; and that all the sales and conveyances of this land which the plaintiff may have made, were made subject to the mortgage.

The plaintiff must have judgment on the demurrer; unless the defendants pay the costs thereof and answer within twenty days.

[NEW YORK SPECIAL TERM, April 2, 1860. *Leonard*, Justice.]