## REED v. BOARD OF EDUCATION OF CITY OF BROOKLYN.

### December, 1866.

Under a building contract, the owner does not, by taking possession of the building, without complete performance, necessarily waive his right to enforce a forfeiture for a defect in the performance.

George Fred Reed sued the Board of Education of the City of Brooklyn, in the supreme court, for compensation under a special contract for work and materials in erecting a school-house, to be paid for in divers sums as the work should progress, and the last sum to be paid when the work was finished, and approved by a certificate of a committee. The whole contract price was a little less than three thousand dollars, the last payment was to be four hundred and twenty-one dollars. The work was completed, except one sink, which was not in accordance with the specifications and not satisfactory to the committee, and it would have cost one hundred dollars to make it conform to the contract, and no certificate was ever obtained from the committee. The referee found these facts, and that the certificate was not unreasonably refused; and as a conclusion of law he found the plaintiff was not entitled to recover.

*The supreme court* held, that in the absence of any finding on the point, they must assume that the referee found that the defect was not supplied, and that there was no waiver by the defendants of the defect. Plaintiff appealed.

*John Sessions,* for plaintiff, appellant;—Cited Atkins *v.* Chilsom, 9 *Metc.* 52; Ludlow *v.* N. Y. & H. R. R. Co., 12 *Barb.* 440; Lord MANSFIELD, Gooding *v.* Daniels, *Cowp.* 803; see *supra,* 12 *Barb.* 445; Esmond *v.* Van Benschoten, *Id.* 370; Fleming *v.* Gilbert, 3 *Johns.* 528; Jewell *v.* Schroeppel, 4 *Cow.* 564; Vanderbilt *v.* Eagle Iron works, 25 *Wend.* 665; Cobb *v.* Stevens, 14 *Me.* 572; Hayward *v.* Leonard, 7 *Pick.* 181.

*Thos. H. Rodman,* for defendants, respondents;—Cited Durkee *v.* Mott, 8 *Barb.* 423; Woodin *v.* Foster, 16 *Id.* 146; Smith *v.* Brady, 17 *N. Y.* 173; Milner *v.* Field, 1 *Eng. L. & Eq.* 177, 531; Grant *v.* Morse, 22 *N. Y.* 323.

BY THE COURT.—PECKHAM, J.—Upon the findings of fact by the referee, there seems to be very little ground for an allegation of error in this case. It is insisted that the building was accepted, even if it were not completed according to the contract. No such fact is found, nor was the referee required so to find. If necessary to support the judgment, we are probably bound to presume that he found the other way, in accordance with his judgment. Grant *v.* Morse, 22 *N. Y.* 323.

If the contractor has neglected, and refuses, to complete his contract in a material point, it does not follow that the owner waives its performance by taking possession of, and occupying, the building, in its defective condition. An owner is not put to so absurd an alternative as either to lose and abandon his building, worth, perhaps, ten thousand dollars, or to occupy it at the peril of paying for work not performed, or of waiving thereby the performance of any substantial covenant of the contractor.

Upon the case as presented here, there seems no ground for relief, even though the referee erred in his finding of facts. For an error of that character, as a general rule, the appeal is confined to the supreme court.

This includes, also, the finding in regard to the extra work. If the supreme court committed any error, it was not one within the province of this court to correct.

The judgment must, therefore, be affirmed.

All the judges concurred.

Judgment affirmed, with costs.