JOHN HILLS AND WILLIAM HILLS, PLAINTIFFS, *v.* FRANK L. SOMMER AND OTHERS, DEFENDANTS.

*Accord and satisfaction — established by receiving a less amount than that claimed.*

In an action brought to recover for a balance due on a shipment of certain lemons, sold at an agreed price, and delivered by the plaintiffs, wholesale fruit dealers in the city of New York, to the defendants, fruit dealers in St. Joseph, Mo., it appeared that on the arrival of the goods at St. Joseph the defendants notified the plaintiffs that a part of the lemons were defective in quality and condition and that they would not receive the goods unless a rebate in price was made as to such part.

The plaintiffs refused to allowed such rebate and thereafter drew their draft on the defendants for the full invoice price, which was returned unpaid, with an indorsement: " Amount incorrect, will remit." Afterwards the plaintiffs wrote to the defendants stating the fact of the return of the draft with the indorsement and asking the defendants to advise them what they intended to do about the matter or to send the money. The defendants answered:

"We inclose herewith New York draft, No. 26539, on the American Exchange Nat'l Bank, New York, for $1,639.25 in payment of invoice as above. July twenty-eighth, interest on amount past due, $3.25."

The plaintiffs received and collected the draft, which represented the agreed price less the rebate claimed by the defendant, and brought this action to recover the balance of the agreed purchase-price.

*Held,* that a verdict was properly directed for the defendants.

That the plaintiffs, by their failure to reject the draft, acceded to the defendants' terms.

MOTION for a new trial after a verdict in favor of the defendants, directed at the New York Circuit on January 14, 1889, upon exceptions ordered to be heard in the first instance at the General Term. The judgment on the said verdict to be in the meantime suspended.

*Lewis Cass Ledyard,* for the plaintiffs.

*Palmer & Boothby,* for the defendants.

CULLEN, J.:

This action is brought for a balance due on goods sold and delivered. The defendants, fruit dealers in St. Joseph, Mo., ordered of the plaintiffs, wholesale dealers in New York city, shipment of certain boxes of lemons, at an agreed price. On the arrival of the goods in St. Joseph the defendant notified the plaintiffs that a part

of the lemons were defective in quality and condition, and that they would not receive the goods unless a rebate in price was made as to such part. This rebate the plaintiffs refused to allow. Subsequently the plaintiffs drew their draft upon the defendants for the full invoice price. This draft was returned unpaid, with the indorsement "Amount incorrect. Will remit." Afterwards the plaintiffs wrote to the defendants stating the fact of the return of the draft with the indorsement, and asking the defendants to advise them what they intended to do about the matter or to send the money, To this the defendants answered:

"We enclose herewith New York draft, No. 26539, on American Exchange Nat'l Bank, New York, for $1,639.25, in payment of invoice as below.

"July 28. Interest on amount past due, $3.25."

The draft enclosed was for the amount at which the defendants had expressed their willingness to receive the goods. The plaintiffs received and collected the draft, and then brought this action to recover the balance. Upon the trial a verdict was directed for the defendants, and the exception to such direction was directed to be heard at the General Term.

Upon the facts stated we think the verdict was properly directed. It is unnecessary to determine whether the defendants could accept part of the shipment and reject the remainder, or whether there was a warranty that would survive such acceptance. Whether right or wrong in their view of the law, the defendants disputed their liability for the amount claimed. There was no request to submit to the jury the question of the *bona fides* of this dispute. That fact was assumed, and a claim may be honestly disputed upon a matter of law as well as a matter of fact. (*Woodruff* v. *Woodruff*, 52 N. Y., 53.) Therefore, payment of a less amount than that claimed would constitute a valid accord and satisfaction. Upon the correspondence between the parties we think it is unquestionable that the defendants sent a draft to the plaintiffs in compromise and satisfaction of the claim. The plaintiffs had been notified of the defendants' complaint as to the condition of the goods, and their refusal to receive them except at a specified reduction in price. The draft drawn by the plaintiffs had been returned by the defendants as

incorrect in amount.   In return to the further letter of the plaint-
iffs, the defendants sent the draft for the exact amount they had
offered to allow; the letter enclosing the draft, stating that it was
sent in payment of the invoice of July twenty-eighth.   There can be
no misconstruction of this correspondence; it is susceptible of but one
interpretation — that the defendants tendered the draft in settlement
of the claim.   The court, therefore, properly refused to submit the
question to the jury.   The plaintiffs were bound either to reject the
draft or, by accepting it, to accede to the defendants' terms.   (*Looby*
v. *The Village of West Troy*, 24 Hun, 78; *Grinnan* v. *Platt*, 31
Barb., 328.)

The exception should be overruled and judgment ordered for
defendants on the verdict.

Van Brunt, P. J., concurred.

Judgment ordered for the defendants on the verdict.