### BRADT *v.* SCOTT *et al.*

(*Supreme Court, General Term, Third Department.*  April 4, 1892.)

1. EMPLOYMENT OF ATTORNEY—RATIFICATION.

Plaintiff was employed as local attorney by defendants' counsel, who had full management of the case.  Defendants knew of such employment, and had received a bill for the services rendered thereunder.  Counsel stated that the services had been performed, and should be paid for, whereupon defendants promised to "fix the matter up."  *Held,* that defendants not only admitted the employment, but ratified the plaintiff's acts.

2. SAME—PAYMENT—ESTOPPEL.

The receipt of a check by an attorney for his services, inclosed in a letter stating, "I hope it will prove satisfactory," and the rendition by him of a bill for a certain amount, do not preclude him from thereafter claiming and recovering a much greater amount, upon proof that the services rendered were of the value last claimed.

Appeal from judgment on report of referee.

Action by Fred A. Bradt against James T. Scott and another for professional services.  From a judgment for plaintiff, defendants appeal.  Affirmed.

Argued before PUTNAM and HERRICK, JJ.

*George Carlton Comstock,* (*Myer Nussbaum,* of counsel,) for appellants.  *Fred A. Bratt, in pro. per.*

PUTNAM, J.  This action was brought by the plaintiff to recover for services performed for defendants between November 11, 1886, and September 1, 1889.  He was employed by Mr. Comstock, the attorney of defendants, as local counsel; and one question raised on the trial was as to the authority of Mr. Comstock.  Plaintiff testified that, after the services were performed, he had an interview with Mr. Scott, one of the defendants, at which he (plaintiff) made a claim for compensation.  Defendant then said that Mr. Comstock had full management of the case; he was their representative; they had left the matter entirely to him; and on a subsequent interview, Mr. Comstock being present and stating to Mr. Scott, the defendant, that plaintiff had performed services and ought to be paid, defendant promised to fix the matter up.  This conversation, in which defendant did not deny the authority of Mr. Comstock to employ plaintiff, but impliedly admitted it, could properly be deemed by the referee as an admission, not only of Comstock's authority to employ the plaintiff, but also as a subsequent ratification of his acts in making such employment, if originally unauthorized.  *Harnett* v. *Garvey,* 36 N. Y. Super. Ct. 326; *Keeler* v. *Salisbury,* 33 N. Y. 648.  And see *Foland* v. *Dayton,* 20 Wkly. Dig. 59.  Defendant Scott at that time knew that Comstock had assumed to employ plaintiff as local counsel, and in what actions

he had been employed. He was also informed that plaintiff had performed legal services on such retainers. Plaintiff had prior to this time sent in a bill to defendants for the services performed. Scott was therefore sufficiently in possession of the facts of the case to enable him to ratify the acts of Comstock. Hence the retainer of plaintiff was sufficiently proven.

The check of $35 sent by Comstock to plaintiff, and which the latter received and used, does not estop plaintiff from maintaining the action. The cases cited by appellants—*Hills* v. *Sommer*, (Sup.) 6 N. Y. Supp. 469; *Looby* v. *Village of West Troy*, 24 Hun, 78; *Palmerton* v. *Huxford*, 4 Denio, 166—were each cases of accord and satisfaction, where there was a genuine dispute between the parties as to the claim, and a sum paid in settlement. Those cases do not apply here. They do not apply where a sum is paid on an unliquidated account, there being no real controversy as to the amount of the claim, even in case where a receipt in full is exacted and given. The distinction between the two classes of cases is mentioned in *Palmerton* v. *Huxford, supra;* and see *Ryan* v. *Ward,* 48 N. Y. 204. In this case, on September 14, 1889, when Mr. Comstock sent his letter and check of $35 to plaintiff, it does not appear that there was any controversy as to the amount due plaintiff. Plaintiff's account was not disputed. Comstock sent $35. He did not claim or insist that that sum was a full payment of plaintiff's real claim. He "hopes it will be satisfactory." If he had said in his letter, "Your services are not worth more than $35, and defendant will not pay more than that sum, and you must receive the inclosed check in full," the case would have been different. The letter in question indicates that Comstock deemed that plaintiff's services were worth over $35, but he ought, under the circumstances, to accept a sum less than the value thereof. He does not say that plaintiff must accept $35 in full, but hopes he will. Under the circumstances the payment did not prevent plaintiff from maintaining the action.

The serious question in the case is as to the amount of plaintiff's recovery. Two letters of Mr. Bradt's are in evidence. In one he mentions having sent a bill to defendant for $50 for the services in question. In the other he states that he considers his services for defendants worth $50. These letters were evidence of the value put by plaintiff upon his own services prior to any litigation. It is an admission upon his part of such value, clearly proved by his letters, and, under the circumstances, strong evidence of the real value. I should be better satisfied with the result if the referee had determined the value of plaintiff's services at the sum so fixed by him in the letters prior to the litigation between the parties, rather than $200. But an attorney, after a litigation in which his clients have not been fortunate, may be willing to accept and to make out a bill for a much less sum than the real value of his services; and, if he is compelled afterwards to commence an action to recover his compensation, he may incline to and be justified in claiming the full value. In this case both the plaintiff and another attorney, a Mr. Basoom, testified that the value of plaintiff's services for which the action is brought exceed $200. No witnesses were sworn on the part of the defendants on the question of value. Therefore the only evidence before the referee on this question was the testimony of the two witnesses above mentioned, and the admission contained in plaintiff's own letters. The referee might have determined that the letters stated the true sum plaintiff was entitled to recover, relying upon them rather than upon the testimony as to the value given upon the trial. But he, (an able and experienced lawyer,) on sufficient evidence, reached another conclusion, and determined that plaintiff's services performed for defendants were of the value of $200. We cannot say that the finding of the referee is unsupported by the evidence, and reverse the judgment for that reason. There being sufficient evidence to support the finding, it should not be disturbed. *Roosa* v. *Smith,* 17 Hun, 138. It has been decided that the presentation of a bill for a certain amount does not prevent the recovery of a

larger sum, if the services can be shown of greater value than stated in the bill. *Harrison* v. *Ayers*, 18 Hun, 336; *Williams* v. *Glenny*, 16 N. Y. 389; *Sherwood* v. *Hauser*, 94 N. Y. 626–628; *Stryker* v. *Cassidy*, 76 N. Y. 54. In *Williams* v. *Glenny*, 16 N. Y. 392, the bill rendered was $150, and the recovery $500, and the court remarked: "The defendant gave in evidence the bill rendered by plaintiff, in which the services were charged at $150, and insisted before the referee that the plaintiff could recover only that sum for the services. The referee decided otherwise, and defendant excepted. The plaintiff's own estimate of the value of his services was high evidence against himself, and no doubt had its due weight given to it by the referee, but was not in the nature of an estoppel to preclude the truth. Had the defendant paid the bill when presented, it would have been an accord and satisfaction of the services, although less than their real value. But the defendant chose to litigate, and the question of value of the services was open to proof as a question of fact." The judgment must be affirmed, with costs.