(19 Misc. Rep. 173.)

### BERNARD et al. v. HENRY WERNER CO.

(Supreme Court, Appellate Term, First Department. January 25, 1897.)

ACCORD AND SATISFACTION—UNLIQUIDATED DEMAND—RETENTION OF MONEY TENDERED.
    There was an accord and satisfaction of an unliquidated demand, where the debtor offered a certain sum in full satisfaction, which was taken by one of the creditors, to be accepted as full payment if his partner approved, otherwise to be returned, and the creditors retained the money, crediting it as a part payment, since they had no right to retain the money except on condition on which it was paid.

Appeal from Second district court.

Action by Albert Bernard and another against the Henry Werner Company to recover for conversion. From a judgment entered on a decision of the trial justice in favor of plaintiffs, defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Simpson & Werner (Louis Werner, of counsel), for appellant.
Hobbs & Gifford (Charles A. Winter, of counsel), for respondents.

McADAM, J. The plaintiffs, a firm doing business in the city of Boston, sent to the defendant, in April, 1896, four bales of dry Russian calfskins, on memorandum, as samples; the defendant agreeing to let the plaintiffs know, after inspection, and within 10 days after receipt of goods, what price it would offer,—the skins to be purchased from such samples. The defendant subsequently, without offering any price, shipped the goods to be sold by its agent in Paris, France, and they were sold by him, netting $250.75. On September 10th Mr. Bernard, one of the plaintiffs, called at the place of business of the defendant in New York City, and was shown the account sales, covering the goods in question, which the defendant had received from Paris. This called for $250.75, and then and there the defendant gave Bernard a check for that amount in full payment of the plaintiffs' demand, which Bernard agreed to accept in full payment if his partner, the other plaintiff, who was in Boston, would be satisfied. If the partner was not satisfied, Bernard agreed to return the check to the defendant. At the time of giving the check there was a dispute as to how much the defendant ought to pay; Bernard claiming that the goods had cost the plaintiffs $367.98, while the defendant claimed that the market value of the

skins, both at the time of the consignment to its agent and payment, was only $250.75. These facts are testified to by Henry Werner, a witness called by the defendant, and in substance are not disputed by the plaintiff. Bernard testified that the condition about returning the check was imposed after he got it into his possession, but while yet in the defendant's office.

Assuming this to be so, the result is the same, because he did not return the check after the imposition of the condition, nor did he object to the condition itself. The check was taken to Boston by Bernard, deposited in bank to the plaintiffs' credit, and collected. On September 11th Bernard wrote the defendant, from Boston, that he had talked the matter over with his partner, and that they had decided to accept the check for $250.75 as part payment only of the bill. Immediately on receipt of this letter the defendant replied that Mr. Bernard had agreed either to accept the check in full payment or return it, at the same time stating:

"If you retain the amount accepted by you, we shall expect you to do so in full payment. But if you think you are entitled to any additional payment, you must, both morally and legally, return the check given you, and seek redress in the courts."

It is unnecessary to determine whether the answer pleads in technical form an accord and satisfaction, or the payment of a disputed account, for the result in either case is the same. The defendant became liable to the plaintiffs for the conversion of the property. The action is in form for trover, in which the value, less $250.75, is claimed by way of damages. The value had never been fixed by agreement prior to the giving of the check, and the amount was, therefore, unliquidated. What the goods cost the plaintiffs was not, necessarily, the measure of recovery, but the market value at the time of the conversion; and this was the disputed question raised at the interview had by Bernard with the defendant.

The evidence admits of but one interpretation, and that is that the defendant intended, at the time it gave the check, to settle once for all the dispute, and that Bernard so understood it. The letter which Bernard wrote from Boston, in which he says that he and his partner had concluded to apply the check on account, implies that he sought his partner's approval of the arrangement, and that, upon his disapproval, they concluded to keep what they had, and sue the defendant for the balance, as if the question of value was still open. But the defendant had disputed the value, and put the plaintiffs to an election either to regard the check as a binding compromise or to return it, leaving the parties to their legal rights. The defendant never intended to give the check on account, and the reason for not taking a receipt in full at the time was that the payment was conditional, upon the other partner's approval, and, in case of disapproval, the check was to be returned; so that a receipt at the time would be contrary to business methods.

If the defendant's liability had been definitely established at $367.98, the value fixed by the plaintiffs, acceptance of the check for $250.75 as in full, and retention of the same, would not have concluded them from recovering the difference. Ryan v. Ward, 48

N. Y. 204; Miller v. Coates, 66 N. Y. 609; Williams v. Carrington, 1 Hilt. 515.   But such is not this case, for the defendant disputed the extent of its liability.

In Brooks v. Moore, 67 Barb., at page 395, the court said:

"If there is a bona fide dispute as to the sum actually due, or a bona fide doubt or controversy as to whether anything is due, then an accord and satisfaction, or, more properly speaking, a compromise, may be established and held binding, although there is a payment of a sum less than was claimed by the creditor, or even a sum less than, by actual computation, might be found due to the creditor."

—Citing the language of Bockes, J., in Bank v. Blair, 44 Barb. 652, as follows:

"In such cases it is not admissible to go behind the settlement, with a view to determine which of the parties was right.   Compromises are to be encouraged, because they promote peace; and, where there is no fraud, and the parties meet on equal terms, and adjust their differences, the court will not overlook the compromise, but will hold the parties concluded by the settlement."

See, also, People v. Board of Managers of Buffalo State Asylum for the Insane, 96 N. Y. 640; Pardee v. Wood, 8 Hun, 584; Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715.

The plaintiff Bernard explained the reason for not returning the check in this way:

"Mr. Werner had made certain statements to us in regard to this transaction, which didn't pan out, and we instituted inquiries respecting him, and considered that a check of $250 was something towards the amount that was justly due us, and we had so much less to fight for, if we had to fight; in other words, that half a loaf is better than no loaf at all."

The trouble is that the defendant never consented to anything of the kind, but, on the contrary, insisted, from beginning to end, that the check should either be regarded as a payment in full or returned.

In Looby v. Village of West Troy, 24 Hun, 78, the court, in referring to a check given under somewhat similar circumstances, said:

"The plaintiff was bound to accept this money on the terms upon which it was offered, or not to accept it at all. * * * Nor could the plaintiff, by a notice served subsequently, * * * alter the effect of his acceptance of the order.   If he was not willing to take it in settlement, he should have returned it."

In Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, the plaintiff, a physician, sent defendant a bill of $670 for professional services. Defendant, on receiving it, sent a letter, not disputing the services, but questioning the justice of the charges, and inclosing a check for $400 which he stated was in full satisfaction of plaintiff's claim; also, that he hoped plaintiff would look at it in the same spirit, which was "to fix a figure that would be entirely just to both parties."   The plaintiff retained and collected the check, and again sent a bill, charging the same amount as before, and crediting the $400.   The defendant thereupon replied that the check was sent in full satisfaction, that he did not recognize plaintiff's rights to retain it and repudiate the condition, and requesting him either to return the money or retain it on the condition named.   To this letter plaintiff made no answer, and subsequently brought action to recover the balance of his account.   It was held that there was, in law, an accord and satisfaction of plaintiff's claim, and no recovery

thereon could be sustained; that, upon receipt of defendant's last letter, plaintiff had simply this alternative: the prompt restoration of the money or the extinguishment of the debt by its retention; and, having retained the money, his claim was satisfied.    See, also, Lestienne v. Ernst, 5 App. Div. 373, 39 N. Y. Supp. 399; Brown v. Symes, 83 Hun, 159, 31 N. Y. Supp. 629.

For these reasons the judgment of the justice in favor of the plaintiffs for the balance claimed by them is erroneous, and must be reversed, and a new trial ordered, with costs to the appellant to abide the event.    All concur.