(21 Misc. Rep. 76.)

## TAYLOR v. THWING.

(Supreme Court, Appellate Term. July 29, 1897.)

ACCORD AND SATISFACTION—EXTENT.
The sending by one party to a mutual account, to the other, of a check, accompanied by a statement described as "final," and the acceptance of the check by the party to whom it is sent, operate as an accord and satisfaction of a stated account, as to all matters therein included; but when the transaction is immediately preceded by a request to submit a bill of certain other items, and other negotiations follow in regard thereto, the statement of the account cannot be held to include all matters between the parties up to the time of its rendition.

Appeal from Tenth district court.

· Action by Henry Taylor against Eugene Thwing. Judgment for plaintiff, and defendant appeals. Affirmed on conditions.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Estes, Barnard & Tiffany (Geo. Tiffany, of counsel), for appellant.
· M. G. Pallister, for respondent.

McADAM, J. The action is by a contractor against an owner for work and extra work done in erecting and finishing a house at Mt. Vernon, N. Y. The contract was made June 19, 1896, and the house was to be completed on or before September 20, 1896. The price was $4,000, payable in four installments as the work progressed. The first three installments were paid; but the plaintiff claims that there remains due to him a balance of $75.86 on the fourth or last payment of $1,250, together with $122.93 for extra work, making $198.79. A supplemental contract was made in July, 1896, by which it was provided that the house would be completed on or before September 25, 1896, and that in default thereof the plaintiff would allow the defendant, as liquidated damages, $3 for each and every day after said date that the house remained incomplete. The supplemental contract is founded on a good consideration, expressed therein, and the provision for liquidated damages is valid and enforceable. Kemp v. Ice Co., 69 N. Y. 46; Little v. Banks, 85 N. Y. 258; Ward v. Building Co., 125 N. Y. 230, 26 N. E. 256. The work was not completed by September 25th, and the defendant, by allowing its completion afterwards, did not waive his claim for damages for breach of the contract as to

time.   Ruff v. Rinaldo, 55 N. Y. 664; Reed v. Board, 4 Abb. Dec. 24.

After the completion of the work, and on November 24, 1896, the defendant sent an account to the plaintiff, showing the amount due the latter upon making certain allowances and deductions, including a charge for 40 days' delay, at $3 a day, according to the supplemental contract.   This statement showed a balance in favor of the plaintiff of $235.64, for which the defendant inclosed a check to the plaintiff's order.   Accompanying the check and account was a letter in which the defendant said:  "Inclosed I send you a final statement and check for balance due you, $235.64.   *   *   *   Kindly send receipt in full." The plaintiff accepted the account, and used the check, by getting the money on it, and such acceptance and appropriation are claimed to operate as an accord and satisfaction of a stated account.   As to the matters therein included, we think they produced that effect.   Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034; Lestienne v. Ernst, 5 App. Div. 373, 39 N. Y. Supp. 199; Brown v. Symes, 83 Hun, 159, 31 N. Y. Supp. 629; Bernard v. Henry Werner Co., 19 Misc. Rep. 173, 43 N. Y. Supp. 220.

According to the account, the balance due upon the contract was satisfied by the payment made, and so were certain extra charges, aggregating $55.48.   It might be deemed a settlement of all demands up to that time but for the testimony of the plaintiff, which the justice found to be true, that the defendant, the day before he sent the check, requested the plaintiff to furnish a bill of the extras, which he promised to do when he had time to make it out; and the plaintiff claimed that there was to be no adjustment as to these extras until this had been done.   The bill therefore was sent to the defendant December 10, 1896, and the defendant apparently acquiesced in the plaintiff's contention as to the extras being left open, for in a letter written to the plaintiff December 28, 1896, the defendant said:  "If you are anxious to hasten the final adjustment of your account, you have it in your power to do so, by sending me the set of specifications I asked for." Instead of claiming that the extras were included in the settlement of November 24, 1896, or that that was final in regard thereto, the letter implies just what the plaintiff claims,—that, as to the extras, the settlement was not final, but that such an adjustment would be made by the defendant on receiving the specifications.   The extras, according to the plaintiff's bill, amounted to $122.93, of which about $42.72 is included in the defendant's account of November 24th, for which the check was given; and for the items covered by that payment compensation cannot again be had.   The judgment in favor of the plaintiff for $181.60 includes contract work and extras, and is, for the reasons stated, erroneous.

The provision in the contract that only such day's work and extra work will be paid for, as such, as is agreed on and authorized in writing, was capable of waiver by the defendant, for whose benefit it was inserted, and the evidence sufficiently justified the finding by the justice that it had been waived.   Stout v. Jones, 9 N. Y. St. Rep. 570, 27 Wkly. Dig. 57, affirmed 120 N. Y. 638, 24 N. E. 1096; Porter v. Swan (City Ct. Brook.) 17 N. Y. Supp. 351; Dunn v. Steubing, 120 N. Y. 232, 24 N. E. 315.

The provision as to àrchitect's certificate was dispensed with, all the payments having been made without certificates. The architect testified that he did not superintend the erection of the building, and was there but once during the progress of its construction, for which he received five dollars. It is evident that the architect's name was put in the contract so that he might be called upon, if necessary, by the owner, to settle any dispute; but no such occasion seems to have arisen, because he was not called upon for any such purpose.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless within 10 days the plaintiff stipulates to reduce the recovery of damages to $80.21, in which case the judgment as modified will be affirmed, without costs upon the appeal. All concur.