RALPH WISNER, Respondent, *v.* CONRAD SCHOPP, Appellant, Impleaded with JAMES SMITH.

*Payment — delivery by a vendee to his vendor of checks stated to be in full payment — retention of the checks by the vendor, who states that he will accept them upon account.*

A vendee of a quantity of onions refused to accept them on the ground that they did not conform to the terms of the contract of purchase, and, by direction of the vendor, sold them for the latter's benefit and on his account, and remitted the proceeds of such sale to him by two checks, one stated to be "In full payment on onions shipped Apr. 20th," the other "In full payment 2 cars onions, 13173 and 50335."

---

* Amending chapter 531, Laws of 1881.— [REP.

The first check was indorsed by the vendor and collected, and the second was indorsed by him "Accepted on account, Ralph Wisner," and was also collected. The vendor acknowledged the receipt of the first check in a letter to the vendee stating that he would give the vendee credit for its amount and would look to him for the balance of $399, which would have been the amount due from the vendee if he had accepted the onions. The vendor also acknowledged the receipt of the second check in a letter to the vendee which stated that he had given the vendee credit therefor and that he looked to him for the balance.

*Held,* that the retention of these two checks by the vendor and the collection of the money thereon under the circumstances operated to relieve the vendee from any liability by reason of his rejection of the onions, whether that rejection was, in the first instance, justifiable or not.

Appeal by the defendant, Conrad Schopp, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 11th day of April, 1898, upon the verdict of a jury, and also from an order, bearing date the 22d day of January, 1898, and entered in said clerk's office, denying said defendant's motion for a new trial made upon the minutes.

*Henry Bacon,* for the appellant.

*M. N. Kane,* for the respondent.

Willard Bartlett, J.:

This is a controversy over three carloads of onions which were shipped by the plaintiff, as vendor, from Orange county, to the defendant, as vendee, at St. Louis. The defendant refused to accept the onions upon the ground that they did not conform, either in quality or condition, to the terms of the contract of purchase; and after some correspondence with the plaintiff, advising him of his refusal to take the goods, the defendant sold the onions in St. Louis, by plaintiff's direction, for his benefit and on his account. There is no dispute but that the proceeds of these sales were duly remitted to the plaintiff. The present suit does not concern those proceeds, but is brought to recover damages against the defendant on the ground that the onions, when they reached St. Louis, were in all respects what the plaintiff had agreed to deliver there, and that the defendant was not justified in refusing to accept them and pay for them.

There was conflicting testimony as to the actual quality and condition of the onions, so that the question of whether they were

WISNER <em>v</em>. SCHOPP.

App. Div.]     Second Department, November Term, 1898.

properly rejected or not was a question for the jury. There is
another feature of the case, however, which I think demanded the
direction of a verdict in favor of the defendant.

The proceeds of the sales made by the defendant in St. Louis,
after he had informed the plaintiff of his rejection of the onions,
were remitted to him in two checks. The first check was drawn on
the German-American Bank of St. Louis, under. date of May 1,
1894, and it directed that bank to pay to Ralph Wisner or order $251
" In full payment on onions shipped Apr. 20th." The plaintiff duly
indorsed this check and obtained the money thereon. The second
check was drawn on the same institution, under date of May 29,
1895, and· directed the bank to pay to the order of Ralph Wisner
$319.03 " In full payment 2 cars onions, 13173 and 50335." The
plaintiff indorsed this check " Accepted on account, Ralph Wisner,"
and duly collected the amount thereof. The plaintiff testifies that
upon receiving the first of these checks he wrote to the defendant
telling him that he had received his check for $251, and would give
him credit for that and look to him for the balance of $399. This
balance would have been the amount due from the defendant if he
had accepted the onions. The second check was accompanied by a
letter from the defendant in reference to the two carloads of onions
mentioned therein, in which he wrote : " We herewith inclose you
sales and check for last two car onions. They, no doubt, will make
you a loss, but you can only blame yourself, as such stock as this had
no right to be shipped our way at all this late in the season, but
should have been sold near by and quickly used up." Upon the
receipt of this communication the plaintiff wrote to the defendant
that he had received his check for the two carloads of onions, given
him credit therefor, and looked to him for the balance.

I think that the retention of these two checks and the collection
of the money thereon, under the circumstances, operated to relieve
the defendant from any liability by reason of his rejection of the
onions, whether that rejection was, in the first instance, justifiable
or not. The learned trial judge instructed the jury in respect to
this branch of the case as follows : " But I say to you that if the
defendant, Mr. Schopp, when he sent those checks, sent them to the
plaintiff in full settlement and compromise of the claim for damages

App. Div.—Vol. XXXIV.     26

arising out of these transactions, as well as of the purchase price which the goods brought in St. Louis — in other words, if his intent was that he would sell the goods for whatever they would bring on account of the plaintiff and pay him that in liquidation of the entire claim for damages and everything connected with them, and if the plaintiff so understood it or should have understood it from the letters which accompanied the checks, or from the surroundings of the transaction, that then the checks, if used, were to be taken in full payment, and the plaintiff cannot recover anything, no matter if he did write the letters repudiating their acceptance as payments in full."

It would have been proper to leave this question to the jury if there had been any substantial dispute in the testimony on the subject or any evidence from which conflicting inferences of fact could reasonably be drawn ; but there was no substantial dispute on the subject, and it seems to me that the proof warrants only one inference, and that is that the plaintiff did understand or should have understood, from the checks themselves and the correspondence, that the checks were tendered only in satisfaction of any and all claims which the plaintiff might have on account of the action of the defendant in regard to the respective carloads of onions.

It is argued that, irrespective of any claim which the plaintiff had against the defendant for damages growing out of his rejection of the goods, the plaintiff was entitled to receive whatever the defendant had collected upon his sale of the onions on his account after he had rejected them, and that the words " in full," used in the checks, may be understood as applying to the full payment of the proceeds of such sales. But the testimony of the plaintiff himself shows that such could not have been his understanding, and that he must have known that the defendant, in sending the checks in the form in which he did, intended to embrace and adjust every possible claim against him which could arise out of his transactions with the plaintiff relative to these onions. Otherwise it is impossible to imagine why he should have taken the pains to write letters stating, in substance, that he would keep the checks on account and hold the defendant liable for the amount of the purchase price.

It seems to me that the facts bring the case within the principle laid down in *Nassoiy* v. *Tomlinson* (148 N. Y. 326) and the cases

there cited.    The position of the plaintiff here was that the defendant owed him upwards of a thousand dollars more than was represented by the checks which he sent him.    Evidently apprehensive that the plaintiff would insist upon his claim for this amount, the defendant, in forwarding his checks for the sums which he conceded to be due, drew them in such a form as to call the plaintiff's attention to the fact that he intended them in satisfaction of his entire liability in the matter, and also transmitted with the second check a letter, from which I have quoted above, which made this intention still more manifest.    Under these circumstances, as was said by the Court of Appeals in *Fuller* v. *Kemp* (138 N. Y. 231), "the acceptance of the money involved the acceptance of the condition, and the law will not permit any other inference to be drawn from the transaction."

I think the judgment should be reversed.

All concurred, except HATCH, J., absent.

Judgment and order reversed and new trial granted, costs to abide the event.