VORHIS v. ELIAS et al.

(Supreme Court, Trial Term, New York County. February 20, 1899.)

ACCORD AND SATISFACTION—RETENTION OF CHECK.

    Where there was a bona fide contention between a broker and his principal as to whether the broker should be charged with the loss of a certain sum, and the broker retained and used a check from the principal for the commissions due him, less said loss, expressed to be "in full settlement," an accord and satisfaction is established, which is. a valid defense to an action by the broker for the balance of his commissions.

    Action by Albert B. Vorhis against Gabriel Elias and others. Judgment for defendants.

W. C. Reddy, for plaintiff.
W. E. Benjamin, for defendants.

    McADAM, J. The action is to recover an alleged balance due for brokerage claimed to have been earned by the plaintiff on the sale of a lot of flooring by the defendants, who are lumber dealers in Buffalo, to one Hepburn, a builder of New York City. The defendants had a dispute with Hepburn as to the proper mode of measuring the flooring, a circumstance affecting the amount Hepburn was to pay. A compromise was had with Hepburn, which resulted in a loss to the defendants, in consequence of which they claimed the plaintiff was bound to deduct $199.54 from his charge for brokerage, leaving $116.67 due to him. The defendants insisted that the plaintiff had not followed their instructions by communicating to Hepburn the system upon which their measurements were made (although the plaintiff had written to them that he had made the same known), and that the loss was caused by the plaintiff's breach of duty and by that alone. Acting on the assumption that their contention was right, the defendants, on June 28, 1897, mailed a check to the plaintiff for $116.67, in settlement of the plaintiff's demand. The check was inclosed in a letter referring to the controversy, with a direction that, "if settlement is not satisfactory, return all papers." The check clearly expressed on its face that it was "in full settlement." The plaintiff, instead of declining to receive the check, and in that way leaving open for future determination the merits of the controversy whether the $199.54 was a proper deduction from the brokerage, closed the transaction by accepting the check, indorsing it, and using the money collected upon it. The money has never been returned to the defendants, but has been arbitrarily credited to the defendants by the plaintiff as a payment on account. Under the circumstances, it is not necessary for the court to decide whether the plaintiff's or defendants' contention concerning the $199.54 is correct. It is sufficient to decide that there was a bona fide contention between the parties as to whether the loss of this amount should, in view of what occurred between the parties, fall on the plaintiff or defendants, and that, by the retention and use of the defendants' check, expressed to be "in full settlement," a valid accord and satisfaction was established, which constitutes in law a perfect defense. Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034; Nassoiy v. Tomlinson, 148 N.

Y. 326, 42 N. E. 715; Hills v. Sommer, 53 Hun, 392, 6 N. Y. Supp. 469; Bernard v. Werner Co., 19 Misc. Rep. 173, 43 N. Y. Supp. 220; Wisner v. Schopp, 34 App. Div. 199, 54 N. Y. Supp. 543.

It follows that there must be judgment for the defendants.