ALBERT B. VORHIS, Appellant, v. GABRIEL ELIAS and ABRAHAM J. ELIAS, Together Composing the Firm of G. ELIAS & BRO., Respondents.

*Principal and broker — the use by the latter of a check sent " in full settlement" of a disputed claim bars an action for the balance thereof.*

Where a *bona fide* dispute arises between a broker and his principal as to the amount due for brokerage, and the principal, acting on the assumption that his contention is right, mails to the broker a check stating on its face that it is "in full settlement," with the direction that "if settlement is not satisfactory return all papers," and the broker accepts the check, indorses it, uses the money collected upon it, and arbitrarily credits such money to the principal as a payment on account, the transaction amounts to a valid accord and satisfaction and constitutes a perfect defense to an action by the broker against the principal to recover the alleged balance of account.

APPEAL by the plaintiff, Albert B. Vorhis, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 23d day of February, 1899, upon the decision of the court rendered after a trial before the court without a jury at the New York Trial Term.

*William C. Reddy*, for the appellant.

*Wayland E. Benjamin*, for the respondents.

Judgment affirmed, with costs, on opinion of court below.

Present — VAN BRUNT, P. J., PATTERSON, O'BRIEN, INGRAHAM and HATCH, JJ.

The following is the opinion of the court below:

McADAM, J. :

The action is to recover an alleged balance due for brokerage claimed to have been earned by the plaintiff on the sale of a lot of flooring by the defendants, who are lumber dealers in Buffalo, to

one Hepburn, a builder of New York city. The defendants had a dispute with Hepburn as to the proper mode of measuring the flooring, a circumstance affecting the amount Hepburn was to pay. A compromise was had with Hepburn which resulted in a loss to the defendants, in consequence of which they claimed the plaintiff was bound to deduct $199.54 from his charge for brokerage, leaving $116.67 due to him. The defendants insisted that the plaintiff had not followed their instructions by communicating to Hepburn the system upon which their measurements were made (although the plaintiff had written to them that he had made the same known), and that the loss was caused by the plaintiff's breach of duty and by that alone. Acting on the assumption that their contention was right, the defendants on June 28, 1897, mailed a check to the plaintiff for $116.67 in settlement of the plaintiff's demand. The check was inclosed in a letter referring to the controversy with a direction that "if settlement is not satisfactory return all papers." The check clearly expressed on its face that it was "in full settlement." The plaintiff, instead of declining to receive the check, and in that way leaving open for future determination the merits of the controversy whether the $199.54 was a proper deduction from the brokerage, closed the transaction by accepting the check, indorsing it and using the money collected upon it. The money has never been returned to the defendants, but has been arbitrarily credited to the defendants by the plaintiff as a payment on account. Under the circumstances it is not necessary for the court to decide whether the plaintiff's or defendants' contention concerning the $199.54 is correct. It is sufficient to decide that there was a *bona fide* contention between the parties as to whether the loss of this amount should, in view of what occurred between the parties, fall upon the plaintiff or defendants, and that by the retention and use of the defendants' check, expressed to be "in full settlement," a valid accord and satisfaction was established, which constitutes in law a perfect defense. (*Fuller* v. *Kemp*, 138 N. Y. 231; *Nassoiy* v. *Tomlinson*, 148 id. 326; *Hills* v. *Sommer*, 53 Hun, 392; *Bernard* v. *Henry Werner Co.*, 19 Misc. Rep. 173; *Wisner* v. *Schopp*, 34 App. Div. 199.) It follows that there must be judgment for the defendants. Sixty days' stay of execution and sixty days to make case and for service of notice of entry of judgment.