J. FELIX NASSOIY, Appellant, *v.* DAVID H. TOMLINSON and Another, as Executors and Trustees of MARY J. T. MOORE, Deceased, and Others, Respondents.

*Estoppel — acceptance and use of money purporting to be paid in full of a claim — when the creditor may recover the balance.*

J. Felix Nassoiy, as a broker, sold real estate for its owners, for which service he claimed a commission of $1,500. Elihu Chauncey, the agent of the owners, having sent to the broker a check for $300, inclosed in a letter in which he stated that it was the broker's " commissions on the sale," the broker replied by mail that he did not know what Chauncey meant by sending him a check for $300, and that he wanted $1,500, and afterwards saw Chauncey and repeated his demand, which was refused.

About six months later the broker collected the check, sent Chauncey a receipt " in part payment for commissions," and brought an action for the balance of his claim.

*Held,* that he was entitled to recover.

That, under the circumstances, his application of the check in part payment of his claim did not estop him from denying that he had accepted the check as full payment.

That no presumption that the broker consented to accept the check as full payment could arise in this case, and that without such consent there was no accord and satisfaction.

65 491
75 613

65 491
85 472

65 491
88 347

65 491
148a 329

APPEAL by the plaintiff J. Felix Nassoiy from so much of and such parts of a judgment of the Supreme Court, entered, after a trial at the Niagara Circuit before the court and a jury, in the office of the clerk of the county of Niagara on the 8th day of February, 1892, as dismissed the second cause of action set forth in the complaint.

*F. A. Dudley*, for the appellant.

*J. E. Pound*, for the respondents.

DWIGHT, P. J.:

The cause of action upon which the plaintiff was nonsuited was for a balance of commissions alleged to be due to the plaintiff on a sale of real estate by him for the defendants. The employment of the former and the fact of a sale, effected by him, of a farm of sixty acres, at the price of $30,000, were not in dispute. The defense insisted upon was. payment of $300 — or one *per centum* of the consideration realized — which was alleged to have been received by the plaintiff in full of his demand. The $300 was, in fact, received by the plaintiff, but, as he alleged, on account only, leaving due to him the balance of $1,500, or five *per centum* on the sale, which the plaintiff alleged was the commission agreed upon by the parties.

The $300 was paid by check of one Chauncey, an agent of the defendants, transmitted by mail from New York to the plaintiff at Suspension Bridge, enclosed in a letter of Chauncey, of which the following is a copy :

"NEW YORK, *June* 20, 1887.

"DEAR SIR.— I heard to-day from Mr. Griffith that the sale to Weston was completed on Saturday. I send you a check for $300 (1 per cent. on $30,000), your commission on the sale ; please sign and return the enclosed voucher. I wish you would see that the tax rolls are corrected, etc., etc.

"Yours truly,

(Signed.)      "ELIHU CHAUNCEY."

There is no paper in evidence which answers to the "voucher" mentioned in the letter and no evidence that any such paper was, in fact, enclosed. To this communication the plaintiff made the following answer :

"SUSPENSION BRIDGE, N. Y., *June* 23, 1887.

" ELIHU CHAUNCEY, Esq. :

"DEAR SIR.— Yours of the 20th at hand. I don't know what you mean by sending me a check for $300. I want my 5 per cent commissions on the $30,000. I got you $5,000 more than you could have got anybody else get for you. Please answer at once.

"Yours truly,

(Signed.) "J. FELIX NASSOIY."

To this letter Chauncey made no reply; but shortly afterwards the plaintiff called on him in New York and reiterated his claim to a commission of five per cent which Chauncey refused to pay or to pay him anything in addition to the $300. The plaintiff held the check until the next January when he collected it and sent a receipt to Chauncey for the money "in part payment for commissions," etc.

The plaintiff was nonsuited on the sole ground that the $300 was received and accepted by him in full payment and satisfaction of his disputed claim for $1,500. We think the ground of the decision was untenable, and that the nonsuit was error. There is no pretense that the plaintiff did, in fact, consent to receive the $300 in full; all the evidence is to the contrary. He refused in terms to accept it in full, and receipted for it in terms, as part payment only. The contention is that the payment having been tendered as in full and accepted by the plaintiff, he is in law conclusively presumed to have accepted it in full. This proposition cannot be maintained. Consent, as an element of a contract, is a fact; whether or not it exists is a question of fact to be determined upon the evidence. It cannot be determined upon any conclusive presumption of law short of an equitable estoppel. There was no such estoppel in this case. The defendants owed the plaintiff his commissions on the sale of the farm. He claimed five per cent, and the defendants, by their agent, sent him a check for one per cent, which the agent of the defendants denominated "your commissions on the sale." The check was no indication that it was intended as payment in full, and the voucher, which the agent seems to have intended to inclose for the plaintiff's signature, was omitted. Under these circumstances the act of the plaintiff in collecting the check and applying the avails in part payment of his claim, did not, in any measure, estop him to

deny that he had accepted it in full. He had neither done nor asserted anything which misled the defendants. He had received what, upon the defendants' assertion, was no more than his due, and upon his own was much less; and with full notice to them that it was not accepted in full, he had applied it in part payment of the indebtedness as claimed by him.

No presumption of consent to satisfy the debt could possibly arise under these circumstances, and without such consent there was no accord and satisfaction. (*Fuller* v. *Kemp*, 40 N. Y. St. Rep., 672; *McKeen* v. *Morse*, 1 Blatch. [U. S.] Ct. App., 7; S. C., 49 Fed. Rep., 253.) The cases of *Looby* v. *West Troy* (24 Hun, 80), and *Hills* v. *Sommer* (53 id., 392), cited by counsel for the defendants, are distinguished by their facts from the case in hand, and not necessarily in conflict with the principles herein stated.

We think the evidence in this case fails of establishing the defense of an accord and satisfaction, and accordingly that the judgment on the second cause of action stated in the complaint must be reversed and a new trial granted.

MACOMBER and LEWIS, JJ., concurred.

Judgment appealed from reversed and a new trial granted as to the second cause of action stated in the complaint, with costs to abide event.