MORTIMER S. BROWN, Appellant, *v.* JAMES H. SYMES, Respondent.

*Action to recover money loaned — accord and satisfaction.*

Upon the trial of an action, brought to recover money alleged to have been loaned by the plaintiff to the defendant, together with the interest thereon, it appeared that prior to the commencement of the action the defendant wrote to the plaintiff stating that he did not concede his claim to be a just one, but that he inclosed his check (which was for the face of the loan without interest), and would expect in return a receipt in full, which check was payable to the order of the plaintiff, "as full settlement of claim against me;" the plaintiff retained the check, and collected the money upon it.

*Held,* that the complaint was properly dismissed, the acceptance of the check and the collection and retention of the money constituting an accord and satisfaction of the plaintiff's claim.

APPEAL by the plaintiff, Mortimer S. Brown, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 12th day of February, 1894, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the Kings County Circuit.

The action was brought to recover $195.45 which represented the interest on a loan of $110, the defendant being credited by the complaint with the payment of the sum of $110.

*Theodore B. Gates,* for the appellant.

*Albridge C. Smith,* for the respondent.

DYKMAN, J.:

This is an appeal from a judgment entered upon a dismissal of the complaint upon the trial at the Circuit.

It appeared from the testimony introduced by the plaintiff upon the trial that the plaintiff made a claim against the defendant for $110 for money loaned. The claim was disputed by the defendant, who insisted that he had paid the loan.

Finally the defendant wrote a letter to the plaintiff, in which he said, among other things : " I do not concede, however, that this claim is a just one, but rather than devote my time (which I cannot spare at present) to tracing up the proofs, I have decided to send you inclosed check for $110, and will expect in return a receipt in full."

The check read as follows :

"GUTTENBERG, HUDSON Co., N. J., *July* 6, 1893.

"First. National Bank of Hoboken, New Jersey, pay to order of M. S. Brown, as full settlement of claim against me, One Hundred and Ten $\frac{00}{100}$ Dollars.

"$110.                    •                    JAS. H. SYMES."

The plaintiff retained the check, collected the money upon it, and then brought this suit.

The acceptance of the check under the circumstances stated, and the collection and retention of the money constituted an accord and satisfaction of the plaintiff's claim. (*Fuller* v. *Kemp*, 138 N..Y. 231.)

As the judgment must be affirmed upon the ground stated, we do not examine the other questions presented by the appellant.

The judgment should be affirmed, with costs.