THOMAS J. REYNOLDS, Appellant, *v.* EMPIRE LUMBER COMPANY (LIMITED), Respondent.

*Debtor and creditor — use by a creditor of a check for less than his claim — when it operates as a full payment.*

A debtor sent to his creditor a check for a certain amount in full of the amount he claimed was due from him to his creditor. The creditor refused to accept the check in full payment of the account, stating that there was a balance over and above the amount of the check still due from the debtor. Each of the parties insisted upon the correctness of his own version of their mutual account.

The creditor finally notified the debtor that he credited him with the amount of such check on account, not recognizing it as a full settlement of the account as indicated by the check.

*Held*, that although the amount due on the account might be larger than the amount of the check, yet the creditor by using the check accepted it in full payment of the claim in dispute between the parties.

APPEAL by the plaintiff, Thomas J. Reynolds, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Monroe on the 14th of May, 1894, upon the report of a referee dismissing the plaintiff's complaint upon the merits and allowing a counterclaim in favor of the defendant.

*E. A. Nash*, for the appellant.

*H. M. Hill*, for the respondent.

DWIGHT, P. J.:

The sole question made on this appeal relates to the allowance of a counterclaim of twenty-seven dollars and seventy-five cents, and whether that counterclaim was properly allowed depends upon the question whether a certain payment by check, made by the plaintiff to the defendant was, or was not, in full of a small balance of indebtedness concededly due from the former to the latter, the amount of which was unliquidated.

The referee finds the amount of that indebtedness on the 1st day of January, 1889, to have been $106.43. On the ninth day of February the plaintiff sent to the defendant a statement of the account exhibiting a balance due from him of eighty-five dollars and thirty-seven cents, and inclosed his check for that amount in the following terms:

"No. 11,348.          ROCHESTER, N. Y., *Feb.* 9, 1889.
    "BANKING HOUSE OF S. G. WOODRUFF, Livonia, N. Y.
    "Pay to the order of Empire Lumber Company, Lt'd, in full, eighty-five and $\frac{37}{100}$ dollars.
    "$85$\frac{37}{100}$.                     T. J. REYNOLDS."

The check was received by the defendant in due course of mail, and on the eleventh day of February the defendant wrote the plaintiff as follows:
                              "RIDGEWAY, PA., *Feb'y* 11*th*, 1889.
"T. J. REYNOLDS, Esq.:
    "DR. SIR — Yours of the 9th, enclosing check for $85.37, purporting to be in full for acc. between us, recd. In reply we

cannot accept it in that way, as you owe us $39.45 yet to balance acc. to Sep't. 19th, 1888, and on receipt of same, in addition to check of $85.37 rec'd, will balance acc. and receipt to you.

"Truly,

"EMPIRE LUMBER CO., .

"A. M. McCLAIN, *Treas.*"

On the eighteenth day of the same month the defendant again wrote the plaintiff, inclosing this time its statement of the account, exhibiting a balance due defendant to date of $142.20, after crediting the check of $85.37, and again declining to accept the check in full settlement of the same.   To this letter the plaintiff replied, on the twenty-third of the same month, pointing out what he asserted were errors in the defendant's statement of the account, and insisting upon the correctness of his own.

There seems to have been no further reference to the check in the correspondence of the parties until the ninth day of September, when the defendant wrote the plaintiff as follows :

"RIDGEWAY, PA., *Sept. 9th,* 1889.

"T. J. REYNOLDS, Esq. :

"DEAR SIR — Referring to your last, Feb'y 9th, enclosing check $85.37, purporting to be in full, would say we to-day credit the. check on acc. and use same ; we cannot recognize it as a full settlement of acc. as the check indicates.

"Truly, etc.,

"EMPIRE LUMBER CO., LT'D."

Upon these proofs the referee found, as matters of fact, " that on the 9th day of February, 1889, the plaintiff paid defendant *upon account* the sum of $85.37," to which finding the plaintiff excepted. The plaintiff also excepted to the refusal of the referee to find, on request, that the payment of $85.37 was in full of any claim of the defendant against the plaintiff.

We think the two exceptions were well taken.   The principles involved and the rule applicable to cases of this character have been recently discussed by this court and the Court of Appeals in two cases in which the facts were somewhat different and the results different, accordingly.   (See *Fuller* v. *Kemp*, 138 N. Y. 231, and *Nassoiy* v. *Tomlinson*, 65 Hun, 491.)   The discussion, *pro* and

*con*, in those cases was so full that we do not deem it necessary to repeat it in this case. We think we need only say that we find the present case to conform in its essential facts to the former of these cases, in which it was held that the payment there made and accepted was to be regarded as a payment in full of the claim in dispute between the parties. And so we hold in this case.

It follows that the judgment appealed from must be reversed unless the defendant consent to its modification by striking out the recovery on the counterclaim.

LEWIS and BRADLEY, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event, unless the defendant within twenty days stipulates to deduct the amount of the counterclaim, twenty-seven dollars and seventy-five cents, from the judgment. In that event the judgment be so modified, and, as so modified, affirmed, without costs of this appeal to either party.