ISAAC FREIBERG and HERMAN FREIBERG, Appellants, *v.* JAMES MOFFETT, Respondent.

*Accord and satisfaction — money sent to a creditor with a condition that it is payment in full, if retained cannot be credited only on account.*

Where a debtor sends a draft to his creditor, stating it to be in full payment of his account to date, and the creditor retains and uses the draft, but declines to regard it as full payment, and the debtor thereupon demands that it be taken as such or that it or its avails be returned at once, and the creditor neglects to return the draft or its proceeds, but repeats his demand for a balance alleged to be still due, there is an accord and satisfaction, the claim is canceled and no protest, declaration or denial of the creditor can vary the result.

APPEAL by the plaintiffs, Isaac Freiberg and another, from a judgment of the County Court of Schenectady county in favor of the defendant, entered in the office of the clerk of the county of Schenectady on the 26th day of January, 1895, upon the verdict of a jury rendered by direction of the court after a trial before the Schenectady County Court on May 21, 1894, and also from an order, made on the 21st day of May, 1894, denying the plaintiffs' motion for a new trial made upon the minutes.

The action was originally commenced in the City Court of Schenectady.

*Horatio G. Glen,* for the appellants.

*Daniel Naylon, Jr.,* for the respondent.

MAYHAM, P. J.:

The case shows that on the 15th of October, 1892, the defendant purchased a bill of liquors from the plaintiffs, amounting to $343.55, on which the defendant made certain payments, and on the 24th of February, 1893, the defendant purchased of the plaintiffs another bill of liquors, amounting to $356.76.

Several payments appear to have been made by the defendant to the plaintiffs upon these bills, and a controversy arose between plaintiffs and defendant in which the defendant insisted that he had paid to plaintiffs' agent $100, which left a balance on the bill of

October, 1892, of $43.55, the plaintiffs insisting that the balance remaining on the bill was $143.55, and denying that the $100 had been paid to the agent.

On the 11th of March, 1893, the plaintiffs sent to the defendant a letter, of which the following is a copy:

> "CINCINNATI, *March 11th*, 1893.
>
> "Mr. JAMES MOFFETT,
>
> "Cor. Centre & Union Streets,
>
> "Schenectady, N. Y.:
>
> "DEAR SIR — Inclosed you will find statement of your account. Please send us the amount of $43.55, which is due on the bill of October 15th, 1892.
>
> "We hope to hear from you soon, and remain,
>
> "Respectfully,
>
> "ISAAC FREIBERG & BRO."

In answer to that communication, as would seem, very soon after its receipt, the defendant forwarded to the plaintiffs his check for forty-five dollars and fifty-five cents, in which, by his evidence, he claims to have made a mistake of two dollars against himself.

On the 9th of May, 1893, plaintiffs sent to defendant a letter, of which the following is a copy:

> "CINCINNATI, *May 9th*, 1893.
>
> "Mr. JAMES MOFFETT,
>
> "Central & Union,
>
> "Schenectady, N. Y.:
>
> "DEAR SIR — We herewith send you a statement of your account, showing that you owe us a balance of $98.00 on the bill of October 15th, '92; also the last bill of February 24th, 1893, amounting to $356.76.
>
> "This balance of $98.00 of October 15th should have been paid long ago, and we expect to hear from you by return mail with check or money order inclosed, otherwise we shall draw on you for this amount.
>
> "Yours truly,
>
> "ISAAC FREIBERG & BRO."

Subsequently, on the 24th of June, 1893, the plaintiffs sent to defendant a letter, of which the following is a copy:

" CINCINNATI, *June 24th*, 1893.

" Mr. JAMES MOFFETT,

"Central & Union,

"Schenectady, N. Y.:

" DEAR SIR — Inclosed you will please find statement of your account, showing that you owe us a balance of $454.76.

" We have taken the liberty to draw on you to-day at one day after sight $454.76, and sent our draft to Schenectady bank for collection.

" We trust you will honor our draft promptly, and remain,

"Yours truly,

"ISAAC FREIBERG & BRO."

This draft was presented for payment to the defendant, but does not seem to have been honored, except by the following answer sent to plaintiffs by defendant :

"SCHENECTADY, N. Y., *June 29th*, 1893.

" To ISAAC FREIBERG & BRO.:

" GENTS — I herewith inclose a New York draft for $354.76, in full payment of my account to you up to date.

" Please acknowledge the receipt of the same.

"Yours very truly,

"JAMES MOFFETT."

In reply to this the plaintiffs wrote defendant as follows :

"CINCINNATI, *June 30th*, 1893.

" Mr. JAMES MOFFETT,

"Schenectady, N. Y.:

" DEAR SIR — Your favor of June 29th to hand, with inclosed draft for $354.76, which we have placed to the credit of your account. We cannot square your account up to date as you request us in your letter, but we herewith inclose you statement of your account, showing you still owe us a balance of $100.00. By examining this statement you will find we are correct, and we kindly ask you to remit this amount by return mail, as the amount is over due.

" Hoping to hear from you soon, we remain,

"Yours truly,

"ISAAC FREIBERG & BRO."

To this letter the defendant replied as follows :

"SCHENECTADY, *July 6th,* 1893.
" Messrs. ISAAC FREIBERG & BRO.:

"GENTS — I am in receipt of yours of the date of the 30th ult. In reply would say that I enclosed you a draft for $354.76 on condition that you receive it in full payment of your claim up to date, for it is all I owe you.

"I now direct you, either to retain the draft in full payment of your claim as stated in my letter containing the draft, or to immediately return to me either the draft or its equivalent.

"Yours,
"JAMES MOFFETT."

To this letter the plaintiffs replied July eighth, omitting to return the draft or its equivalent, and demanding payment for the balance claimed by them to be due.

There is considerable oral evidence in the case, but we think that the rights of the parties are substantially fixed by the written correspondence between them.

At the conclusion of the evidence the learned trial judge held that there was an accord and satisfaction of the plaintiffs' claim, and directed the jury to find a verdict for the defendant.

We think he was right in that determination. Whatever the real right of the controversy between the plaintiffs and the defendant may be, it is manifest that there was a dispute between them, and that the defendant, in sending his draft on New York in full payment of the balance, tendered his ultimatum to the plaintiffs, which the plaintiffs were at liberty to accept or reject, and that their acceptance of the amount offered in full payment of their claim was an accord, and the receipt and appropriation to their own use of the proceeds of the draft was a satisfaction of the claim in controversy. (*Jaffray* v. *Davis,* 124 N. Y. 164.)

In *Fuller* v. *Kemp* (138 N. Y. 238) the court sums up a discussion on the question of accord and satisfaction in these words : " ' When a tender or offer is thus made, the party to whom it is made has no alternative but to refuse it, or accept it upon such condition. If he takes it his claim is canceled, and no protest, declaration or denial of his, so long as the condition is insisted on, can vary the result. The principle is too well settled in this State to require either argu-

ment or the citation of authorities to support it.' To make out the defense the proof must be clear and unequivocal that the observance of the condition was insisted upon, and must not admit of the inference that the debtor intended that his creditor might keep the money tendered in case he did not assent to the condition upon which it was offered."

It is manifest within these decisions that the acceptance of the draft upon the conditions upon which it was tendered, and the receipt of the money upon it, in view of the information contained in the letter in which it was forwarded, and the subsequent information and warning of the defendant contained in a letter written immediately thereafter, were, in law, a satisfaction of the plaintiffs' demand.

The judgment must, therefore, be affirmed.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.