(70 App. Div. 489.)

## WHITAKER v. EILENBERG.

(Supreme Court, Appellate Division, Fourth Department. March 11, 1902.)

1. SALES OF MERCHANDISE—ACTION FOR PRICE—MODIFICATION OF CONTRACT—
   SUBSEQUENT AGREEMENT—ACTS OF PARTIES—ACCEPTANCE OF LESS THAN
   CONTRACT PRICE—QUESTION FOR THE COURT.
   Defendant purchased all the grapes on plaintiff's vines for a certain price per ton. After several shipments and payment therefor, defendant notified plaintiff that subsequent shipments were below the contract standard, and remitted to plaintiff upon the basis of such claim. After a frost near plaintiff's vineyard, defendant notified plaintiff that a subsequent shipment was damaged, and that he would sell them to plaintiff's account, which he did, and remitted the full price. Plaintiff made no objection, but continued to make shipments, which defendant sold to plaintiff's account, sending him statements, with checks in full of the balance shown. Plaintiff accepted all of defendant's remittances without objection, except that several months after the last shipment he sent defendant a statement for balance due on all the grapes shipped. *Held*, that the question whether the acts of the parties constituted a new contract, so as to make the remittances payment in full, was a matter of law for the court.

2. SAME—SETTLEMENTS—SUFFICIENCY OF EVIDENCE.
   Independently of the question as to whether the acts of the parties constituted a new contract, and although the checks by which defendant's remittances were made were not themselves indorsed "In full," the acceptance by plaintiff of such checks, with knowledge that defendant intended them to be in full, constituted a full settlement.

Appeal from trial term, Yates county.

Action by Frank Whitaker against John F. Eilenberg. From a judgment in favor of plaintiff, and also from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

Thomas Carmody, for appellant.
Calvin J. Huson, for respondent.

HISCOCK, J. This controversy springs out of the sale and delivery of a crop of grapes by plaintiff to defendant. Part of them have concededly been paid for in full. Upon the remainder plaintiff seeks to recover an alleged unpaid balance of about $150, computed upon the basis of prices fixed in the original contract. Although having accounted for quite a portion of the crop only at a sum below such prices, defendant nevertheless urges that he has been discharged from all further obligations because plaintiff has accepted and retained his checks therefor knowing that they were intended to be in full payment on account of the inferior quality of the grapes. Plaintiff was a grower of grapes in Yates county. Defendant was a commission merchant in Philadelphia. They had had dealings before those in question. September 19, 1896, apparently in answer to a letter from him, plaintiff wrote defendant: "I have a good crop of grapes, * * * and they are very fine. * * * Would sell at a fair price. * * * The crop is much better than last year; but very little rot." A short time thereafter defendant went to plaintiff's vineyard, and after a limited examination made a contract to purchase his grapes then upon the vines at $18 per ton. There is some conflict about some of the terms of the contract which was not reduced to writing. Defendant claims that he kept calling attention to rotten berries in the bunches, and asked plaintiff what was to be done with them, to which the latter replied "they would be taken out as much as possible." "He said he would put the grapes up in a salable condition." Plaintiff differs with him some as to what was said upon this subject. The shipments were commenced about October 1st. No fault was found with the first lots, and the full contract price was promptly remitted for them. Between October 16th and 20th three or four lots were shipped, which defendant claimed then, and testifies now, were below his contract standard. Upon receipt of each lot, he plainly and fairly made this complaint to plaintiff, figured up the price at $16 instead of $18 per ton, and remitted the full sum and balance due upon that claim and basis. Plaintiff received his communications and checks, and retained and used the latter. He expressly accepted the reduction in the first instance, and made no complaint or protest in the others, except that in January following he sent a bill for a balance due upon all the grapes shipped computed upon the basis of contract prices. About October 18th there was a frost in the territory including plaintiff's vineyard. Apparently the grapes subsequently shipped by him were still upon the vines.

October 20th defendant telegraphed him, "Grapes since the freeze will be sold to your account," and the same day wrote him: "We find, this being out first car since the freeze, that the grapes show the cold very badly, and will be compelled to sell them to your account. We wired you to-day, thinking perhaps you would perfer to consign to some one else. We will do the very best we can for you under the circumstances," etc. Plaintiff duly received these communications, but made no reply thereto, shipping thereafter to defendant three lots of grapes. Defendant probably had not, as matter of fact, received from plaintiff any grapes after the frost when he wrote his letter referring to his "first car since the freeze," but may have received such grapes from others. At any rate, he testifies that these last three lots received on and after October 27th were full of dry and frozen berries, and there is no satisfactory contradiction of this. In accordance with his telegram and letter, he disposed of these grapes for plaintiff's account, as he claims, at the full market price, and without any charge for commissions. He wrote plaintiff, and sent him a full statement showing what he had done; that he had sold the grapes for his account; the amount realized upon the sales; and the charges against the same for freight, cartage, etc. He inclosed checks with such statements for the full balances due in accordance therewith. The plaintiff received the letters and statements and checks. He retained and used the latter, making no protest or objection of any kind, except the bill hereinbefore referred to.

Defendant claimed upon the trial, as he does upon this appeal, that the checks sent to plaintiff, when accepted and used by him under the circumstances referred to, constituted a full payment and satisfaction of all claims on account of the grapes involved in controversy. He presented this proposition in various forms upon the trial. The county judge ruled against him, and attempted to cover the subject by allowing the jury to say whether the parties, by their acts above referred to, made a new contract which took the place of the original one, and made defendant's payments sufficient. We believe he committed error therein.

In the first place, we do not think that there was any issue of fact at this point to be submitted to the jury. The material acts of the parties, by which are to be established their respective rights with reference to the shipments of grapes and remittances therefor, are not the subject of conflicting testimony, and do not permit different and contradictory inferences. Upon the other hand, in our opinion, they are undisputed and simple, and lead plainly and decisively to but one line of conclusions.

In the next place, we do not think that the learned county judge was entirely fortunate and accurate in defining the question between the parties as one whether a new contract had been made between them. While it may be said that in a very general way this issue was involved, the more exact and specific question was whether the acceptance by plaintiff of defendant's checks, under all of the circumstances, constituted a payment and satisfaction of all claims, and this even though no new contract had been made covering the

disputed shipments, and even though defendant was not justified in his original contention that the grapes were below the grade he was entitled to, and that he had a right, therefore, to treat them upon a basis different from that provided in the original contract. We conclude that this question must be answered, as matter of law, in the defendant's favor.

Upon receipt of the two shipments in dispute here, which reached him, respectively, October 19th and 20th, defendant clearly and plainly took the position with plaintiff that they were inferior in quality, and that he was only willing to allow 80 cents per hundred instead of 90 cents, and he remitted the full balance due upon that theory. Upon October 20th he as clearly and plainly notified plaintiff that on account of the frost he would sell the grapes thereafter received on his account, instead of accepting them under the contract. Plaintiff had the right upon receipt of that notice either to treat and proceed against defendant as having repudiated his contract, or to ship grapes under the new arrangement proposed by him. He chose the latter. But, independent of this, when defendant received the three shipments sent after such notice he fairly and explicitly took the position that the grapes had been injured by the frost, were inferior in quality, and that in accordance with the notice theretofore served he had disposed of them for plaintiff's account, and he again remitted the full balance due upon such disposition. In each case plaintiff with full knowledge of defendant's position and claim, and clearly understanding that it was intended to be in full payment of the shipment in question, accepted, retained, and collected the money upon defendant's check. He did not even make any protest or objection until several months afterwards. He fully understood the conditions upon which the checks were sent, and when he accepted and used the latter we think it must be held that he accepted and assented to the conditions which accompanied them. It is true that there must be some sufficient reason and consideration to render a payment of less than the amount originally and primarily due a full satisfaction thereof. If plaintiff's claim were liquidated and undisputed, defendant would not be able to satisfy the same by paying part thereof. But in this case there is a sufficient consideration for treating the payments made as a full satisfaction. Independent of the question whether defendant by his notices of October 20th established a new relation which should govern the future shipments, there is nothing which impugns the apparent good faith of his claim that the shipments received by him on and after October 19th were inferior and below the grade called for by his contract. Plaintiff has scarcely questioned the fact that the grapes were more or less damaged and defective. He does, it is true, dispute somewhat defendant's claim as to what the terms and meaning of the original contract were. But this does not at all deprive defendant of the force of his position, duly taken, that the goods which he received were not what he was entitled to, thereby furnishing a reason and consideration for a less price than originally fixed; that he has paid this, and plaintiff accepted it, thus making a complete settlement and satisfaction of their dealings.

We do not regard it as of any significance in this case that the checks sent did not upon themselves explicitly state that they were in full payment. The letter or account, or both, sent with each one, clearly showed that it was intended to be in full settlement of the balance for the given shipment in question. Plaintiff understood this clearly enough. We think, therefore, that these checks operated as a payment and satisfaction, and that plaintiff was not entitled to recover the balance due in accordance with the terms of the original contract, and that error was committed in the trial and submission of the case, within the views expressed in Wisner v. Schopp, 34 App. Div. 199, 54 N. Y. Supp. 543; Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; Nassoi v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695.

There is some controversy between the parties about some covering put upon the grape boxes, and about the alleged failure of defendant to return to plaintiff certain boxes. These items only involve a small amount, and, inasmuch as a new trial must be had, they do not seem to require consideration. The judgment and order appealed from should be reversed, and a new trial granted.

Judgment and order reversed upon questions of law only, the facts having been examined and no error found therein, and new trial ordered, with costs to appellant to abide event. All concur.