### KELLEY et al. v. LAWRENCE BROS.

(Supreme Court, Appellate Division, Second Department. January 16, 1903.)

1. ACCORD AND SATISFACTION—NOTE—REQUEST FOR RENEWAL—CHECK FOR DISCOUNT.

When a note became due, the maker wrote, requesting leave to renew it in part, and inclosing a check stated to include the discount on the requested renewal. Renewal was refused, but the check retained and cashed. *Held* that, as the maker's liability was liquidated, the retention of the check was not an accord and satisfaction of the original note.

2. SAME—CREDIT ON ORIGINAL NOTE.

The maker was entitled to a credit on the original note of the amount of the check as of the time when it was received by the holder of the note.

Appeal from city court of Yonkers.

Action by William E. Kelley and another against Lawrence Bros., a corporation. Judgment for plaintiffs, and defendant appeals. Modified.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

Ralph Earl Prime, Jr., for appellant.

Frederick W. Mattocks, for respondents.

WILLARD BARTLETT, J. This action was brought upon a promissory note for $500, made by the defendant to the order of the plaintiffs, which fell due on December 10, 1901. On the day before it matured the defendant mailed a letter to the plaintiffs asking to be allowed to renew the note in part, and inclosing in the letter a renewal note for $350, and a check for $151.75. The letter stated that this check included the discount on the renewal of the loan. The plaintiffs declined to grant the desired extension, and so advised the defendant by a letter, returning the renewal note, and stating that they had sent the check to the bank upon which it was drawn for collection. It is contended on this appeal that the retention of the check, which was duly paid upon presentation, operated as an accord and satisfaction extinguishing the liability of the defendant upon the original note, and in support of this proposition we are referred to the cases of Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695; Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; Brown v. Symes, 83 Hun, 159, 31 N. Y. Supp. 629; Reynolds v. Lumber Co., 85 Hun, 470, 33 N. Y. Supp. 111; and Freiberg v. Moffett, 91 Hun, 17, 36 N. Y. Supp. 95. All of these cases, however, were actions upon unliquidated demands or disputed claims, and recognize the rule that, where a demand is liquidated, and the liability of the debtor is not disputed, the acceptance of a less sum than is the creditor's due will not of itself discharge the debt. There was nothing more than this in the case at bar, and we are of opinion that the defendant failed to make out the defense of accord and satisfaction. The proof, however, sustained the defense of payment in part, and we are unable to see why the defendant was not entitled to credit for the amount of the check which the plaintiffs

retained and collected. The manner in which they dealt with it indicated an intention to accept it in part payment of their claim, and this payment may properly be held to have been made at the time when they received it. See Hunter v. Wetsell, 84 N. Y. 549, 554, 38 Am. Rep. 544.

The judgment should be modified by deducting therefrom the amount of the check, and reducing the costs as prescribed in the special act applicable to the city court of Yonkers (Laws 1893, c. 416), and, as thus modified, it should be affirmed, without costs of this appeal to either party. All concur.