LAROE et al. v. SUGAR LOAF DAIRY CO.

(Supreme Court, Appellate Division, Second Department. November 13, 1903.)

1. ACCORD AND SATISFACTION—ACCEPTANCE OF CHECK.
    Plaintiffs contracted with an alleged agent of defendant for the sale of milk at a certain price, and were subsequently notified by the defendant that the agent was without authority to make such contract, and that they would pay for the milk only a certain smaller price, which they had hitherto paid and were paying to persons in the same vicinity. Plaintiffs delivered the milk, and, at the time agreed for payment, defendant sent a check, accompanied by a statement showing the amount due at the

---

¶ 1. See Accord and Satisfaction, vol. 1, Cent. Dig. §§ 76, 78.

price as claimed by defendant, and balanced with the words, "To check in full." Plaintiffs took the check to defendant's purported agent, and stated to him that it did not pay the bill in full, but nevertheless kept the check. *Held* that, by keeping the check, defendant adopted the condition of the tender, and could not, therefore, maintain an action for the balance which they claimed to be due.

2. SAME—LIQUIDATED CLAIM.
Where defendant in good faith disputed the amount due under a contract with plaintiffs, plaintiffs' claim was not liquidated, so as to prevent the acceptance of a check, sent with a statement that it was to be in full, from operating as a satisfaction of plaintiffs' entire claim.

3. SAME—KNOWLEDGE OF CREDITOR.
Where a creditor had actual knowledge that a check sent by the debtor was regarded as in full satisfaction of the debt, the fact that the creditor did not read a statement to that effect, sent with the check, did not prevent acceptance of the check from operating to discharge the entire debt.

Appeal from Trial Term, Orange County.

Action by James B. Laroe and John G. Laroe against the Sugar Loaf Dairy Company. From a judgment for defendant, and from an order denying a motion for a new trial, plaintiffs appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

A. H. F. Seeger, for appellants.
John J. Beattie, for respondent.

HIRSCHBERG, J. The plaintiffs are copartners engaged in dairy farming at Sugar Loaf, in Orange county. For some years immediately preceding the transactions which occasion this litigation they have sold their milk to the defendant, a domestic corporation, at a discount from New York market prices. They claim to have made an oral agreement with N. S. Knapp, defendant's secretary, in September, 1901, to sell and deliver their milk to the defendant from October 1, 1901, to April 1, 1902, at the market price, free from discount. They did deliver the milk during the months referred to, and have received payment therefor at the old price, and this action is brought to recover the amount of the discount retained by the defendant. At the close of the plaintiffs' case the court directed a verdict in favor of the defendant upon the ground that the plaintiffs had accepted a check for each month's delivery for the less amount in full, and the accuracy and soundness of this direction are under review upon this appeal.

It may be conceded that there was sufficient evidence to establish the making of the agreement, and that Knapp had authority to make it. The defendant, however, denied the authority of Knapp to bind it by such an agreement, and such denial was made early in the course of the dealings which are the subject of the controversy, and the denial was made in apparent good faith. The agreement was made on the plaintiffs' behalf by the plaintiff John G. Laroe, a brother-in-law of Knapp, and he knew at the time that the defendant was paying to its other customers only the market price less the discount. By the terms of the agreement, payment for the milk delivered each month was to be made on the 20th day of the month following each month's delivery; the first payment accordingly coming due on November

20, 1901. A day or two before November 7, 1901, John G. Laroe had a conversation with the defendant's president, Mr. Sanford, and was informed by him that Mr. Knapp had no authority from the defendant to make an agreement binding it to pay the market price. On November 7, 1901, the defendant served upon the plaintiffs a written notice that the price which the company would pay for their milk would be only "the price fixed by said company to be paid to all other producers and shippers of milk at Sugar Loaf, N. Y."; that the agreement which the plaintiffs claimed to have made with Knapp was wholly without authority; and that "the said company will not recognize any such agreement, or pay any money on account thereof, in excess of said price, in any month, from the 1st day of October, 1901." To this communication the plaintiffs replied in writing on November 12, 1901, stating, in effect, that they claimed a valid contract at the New York market price, without any deduction, and that, if less was paid them, they would give the defendant credit for the amount received, and hold it for the balance. On November 20, 1901, the defendant sent the plaintiffs a check for the October milk, accompanied with a statement showing the amount of milk delivered, and the price computed with the disputed discount, and balanced with the words, "To check in full." On receiving this statement and check, Mr. John G. Laroe took the latter to Mr. Knapp, saying, "Now, this check don't pay this bill in full." Mr. Knapp replied, "That is all that Sanford said he would pay on this bill." On each succeeding month a statement was sent to the plaintiffs, balanced by check in full, and accompanied with a corresponding check, and all the checks were retained and used by the plaintiffs without any further protest or opposition.

It would seem that the plaintiffs are foreclosed from further claim. They knew that their claim was disputed by the defendant, and that it was disputed, not in denial of the making of the agreement, but of the authority of the agent to bind his principal. With this knowledge, they elected to accept the amount which the defendant tendered in full, and with full knowledge, or the means of knowledge, that it was so tendered. In such circumstances, it has been frequently held that the acceptance adopts the condition of the tender, and that no disclaimer by the creditor will avail to reserve a right of further recovery. People ex rel. McDonough v. Board of Managers, etc., 96 N. Y. 640; Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695; Logan v. Davidson, 18 App. Div. 353, 45 N. Y. Supp. 961, affirmed in 162 N. Y. 624, 57 N. E. 1115; Wisner v. Schopp, 34 App. Div. 199, 54 N. Y. Supp. 543; Lewinson v. Montauk Theater Co., 60 App. Div. 572, 69 N. Y. Supp. 1050; Whitaker v. Eilenberg, 70 App. Div. 489, 75 N. Y. Supp. 106; Genung v. Village of Waverly, 75 App. Div. 610, 77 N. Y. Supp. 581; Brown v. Symes, 83 Hun, 159, 31 N. Y. Supp. 629; Reynolds v. Empire Lumber Co., 85 Hun, 470, 33 N. Y. Supp. 111; Freiberg v. Moffett, 91 Hun, 17, 36 N. Y. Supp. 95.

The claim of the plaintiffs cannot be regarded as liquidated, within the meaning of that term as applied to the subject now under consideration. There was a genuine dispute between the parties as to the amount of the valid indebtedness, and it is only an undisputed liquidat-

ed claim, or one not disputed in good faith, which cannot be paid at less than its face without. a new consideration. People ex rel. McDonough v. Board of Managers, etc., and Nassoiy v. Tomlinson, supra. Moreover, it has been held in a very late case in the First Department that the rule that an entire indebtedness cannot be discharged by a partial payment, even when so accepted, is not looked upon with favor, and is confined strictly to cases falling within it. Jackson v. Volkening, 81 App. Div. 36, 80 N. Y. Supp. 1102. Nor could the plaintiffs avoid the effect of the acceptance of the checks by the assertion that they did not notice the condition attached to the statements that such checks were remitted in full. In Whitaker v. Eilenberg, supra, there was no specific statement that the checks were remitted in full, but it was held sufficient that the creditor fully understood that they were so intended. The plaintiffs knew that the checks represented the full amount which the defendant regarded itself as obligated to pay. Whether they read the statements or not, it is undisputed that they knew that the checks were in fact tendered in full, and that they were sent to be received, if accepted, in full discharge of the indebtedness; and their acceptance, under all the authorities, operated as an acceptance of the condition, and as a payment and satisfaction. .

There is nothing in the cases of Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289, 51 N. E. 986, and Komp v. Raymond, 175 N. Y. 102, 67 N. E. 113, in conflict with the line of authorities hereinbefore cited, and both are distinguishable therefrom in fact and principle. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.