JOHN NIGHTINGALE AND JOSEPH NIGHTINGALE, PARTNERS, ETC., APPELLANTS, v. MOSES L. EISEMAN AND SAMUEL EISEMAN, RESPONDENTS.

*Entire contract — although goods are to be delivered thereunder at different times, the whole must be delivered before suit can be brought — time, when not of the essence of the contract.*

In an action, brought to recover for goods sold and delivered, it appeared that the order for the purchase thereof was in writing, in which it was required that the delivery of various pieces of the goods purchased should be made at different. times, and that the balance thereof should be delivered "before March fifteenth, or earlier if possible," and that such order was acknowledged by plaintiffs in a letter stating, "We shall endeavor to forward the same as near as possible to the time specified." The goods were not delivered within the time specified in the order therefor.

Upon the trial testimony, on behalf of the plaintiffs, tending to excuse their failure to make such delivery on account of strikes of the workmen employed in their shop, was offered and excluded.

*Held,* that, but for the modification mentioned in the letter accepting the order, the time of delivery of the several pieces of goods would have constituted an essential part of the contract, and that the failure to comply therewith within the time mentioned, would have absolved the defendants from liability.

That as, by the terms of the acceptance of the order, the plaintiffs did not assent to the proposed agreement in respect to the exact time of delivery, but promised, in their letter, to deliver the same "as near as possible to the time specified;" and, as no objection was made to this modification of the proposed contract, the time specified in the order was not of the essence of the contract.

That the evidence offered by the plaintiffs, with a view to extenuating and excusing their failure to deliver more than a certain portion of the goods within the time specified in the order, would have been admissible, and if such evidence showed a reasonable excuse for the failure to deliver within a reasonable time, a recovery might still be had, provided, as the contract in this case was entire, that the whole amount of the goods ordered had been delivered before the suit was brought.

That the contract in this case being entire, although the goods were to be delivered at different times, the vendees had a right to receive and use the goods delivered without waiting to see whether or not the vendors would fully perform their contract by delivering the whole thereof; that consequently, under any view of this case, the whole of the goods must have been delivered before an action therefor could be sustained against the defendants.

APPEAL from a judgment, entered upon an order made at the New York Circuit of November, 1887, dismissing the plaintiff's complaint.

The action was brought to recover the sum of $663 for seventeen pieces of goods. The order for the purchase of the merchandise from the plaintiffs was in writing, signed by the agent of the defendants, and so far as material to this appeal was as follows:

"EISEMAN & CO.

"Grand Street  City.

"Order No. 11.                                    "January 4, 1886.

"Ship by Ex.

| "Bill Mach.          Delivery. | "25 Pieces Feb. 20. |
| "Duplicate No. | "50   "   Mch. 1. |
| "Terms 6-10, one per cent special. | "Balance before March 15, or earlier if possible. |

"No. 756, 100 pieces 19 in. Surah at 60c."

Then followed a statement of the colors of the different pieces to be furnished. In acknowledging the receipt of the order the plaintiffs said: "We are in receipt of an order from your house dated January 4th for one hundred pieces, seven hundred and fifty-six surahs at sixty cents. We shall endeavor to forward the same as near as possible to the time specified."

Testimony was offered, and excluded under exceptions, tending to excuse plaintiffs' failure to deliver more articles, within the time specified in the order on account of strikes of workmen in plaintiffs' shop.

*Smith & White*, for the appellants.

*Theodore Connolly*, for the respondents.

Macomber, J.:

The order for the merchandise mentioned above, standing alone, would not only require a delivery of the whole number of articles before any action could be brought by the plaintiffs, but a delivery within the time specified in the order. Except for the modification contained in the letter accepting the order, the time of delivery of the several pieces, as mentioned, would be deemed to be an essential part of the contract, and a failure to comply therewith would absolve the defendants from liability; but, by the terms of the acceptance of the order, the plaintiffs did not assent to the proposed agreement in respect to the exact times of delivery,

but promised to deliver the same "as near as possible" to the time stated in the order. No objection was made to this modification of the proposed contract, and the parties seem to have assented thereto; hence, so far as the time is concerned, the proposed evidence offered by the plaintiffs, designed to extenuate their failure to deliver more than seventeen pieces, would be admissible; and had it come up to the point of establishing a reasonable excuse for the failure to deliver within a reasonable time, a recovery might still be had except for the following consideration.

The order was indivisible, although the deliveries were to be had at different times. The vendee, under this contract, had a right to receive and use the goods delivered, without waiting to see whether or not the vendors would fully perform their contract by delivering the residue. (*Catlin* v. *Tobias*, 26 N. Y., 217.) Where the agreement is to furnish goods of a certain amount, the quantity specified is material and governs the contract. (*Brawley* v. *United States*, 96 U. S., 168.) Says the court in *Norrington* v. *Wright*, 115 U. S., 204): "The seller is bound to deliver the quantity stipulated, and has no right either to compel the buyer to accept a less quantity or to require him to select part out of the greater quantity; and when the goods are to be shipped in certain proportions, monthly, the seller's failure to ship the required quantity in the first month gives the buyer the same right to rescind the whole contract that he would have had if it had been agreed that all the goods should be delivered at once."

There is nothing in the case which shows that the defendants have, in any respect, waived their right to insist upon the fulfillment of the whole contract before paying for any part of the goods purchased. On the contrary, the plaintiffs' evidence itself established that the defendants consistently denied the right of the plaintiffs to recover for the goods delivered until the whole amount contracted for had been delivered. For these reasons the trial judge was justified in dismissing the plaintiffs' complaint.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and BARTLETT, J., concurred.

Judgment affirmed, with costs.