## LOGAN et al. v. DAVIDSON.

(Supreme Court, Appellate Division, Second Department. June 22, 1897.)

1. ACCORD AND SATISFACTION—QUESTION FOR COURT.
   Where the evidence respecting an alleged accord and satisfaction consists entirely of letters, in connection with which there is no dispute of fact, the question is one of law, exclusively for the court.
2. SAME—WHAT CONSTITUTES.
   The acceptance of a check, accompanied by a letter stating that it was "in full settlement of account to date," and by a statement of the account as claimed by the debtor, constitutes a complete accord and satisfaction, though the creditor, on receipt thereof, notified the debtor that the same had been placed to his credit, but was not accepted as a final payment.

Appeal from trial term.

Action by William J. Logan and another against Marshall T. Davidson. From a judgment entered on the verdict of a jury, and from an order denying his motion for a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Alexander Cameron and William B. Hill, for appellant.
Edward P. Lyon, for respondents.

HATCH, J. The plaintiffs and defendant entered into a contract respecting the construction and delivery of a number of boilers, and the performance of other work. After the completion of the contract a dispute arose respecting the sum which was due from the defendant to the plaintiffs, and thereupon it was determined to leave the matter to an arbitrator, who was agreed upon. The arbitrator made his report, finding that a certain sum was due from the defendant to the plaintiffs. The defendant thereupon wrote the plaintiffs this letter:

"Brooklyn, Sept. 21st, 1893.

"Messrs. Farrell, Logan & Co.—Gentlemen: Inclosed I hand you check for $1,859.02 dollars, in full settlement of account to date. Please acknowledge receipt of same, and oblige,

"Yours, truly,                                    M. T. Davidson."

This letter contained a statement of account as claimed by the defendant, and the check was made for the full amount of that account, and of the sum found to be due by the arbitrator. The plaintiffs received the letter and the check, indorsed and collected the latter, applied the same upon the defendant's account, and wrote the defendant this letter:

"Logan Iron Works.

"Brooklyn, N. Y., Sept. 22, 1893.

"Mr. M. T. Davidson, Brooklyn, N. Y.—Dear Sir: Yours of this morning, with check inclosed for $1,859.02, received, and same has been placed to your credit on account. Owing to the excessive charge for castings, etc., as well as the fact that the award made by Mr. D. F. Quinn is entirely inadequate, and also to the fact that you have charged us three thousand ($3,000.00) dollars for the furnaces, which you agreed to furnish for twenty-five hundred ($2,500.00) dollars, we must decline to accept the payment as final. We also notice that no interest whatever has been allowed for the borrowed money, or on the merchandise account, the bulk of which has been standing nearly three years. Kindly make an appointment with a view of adjusting above difficulties.

"Yours, respectfully, 　　　　　　　　 Farrell, Logan & Son."

To this letter the defendant made no reply, and they again wrote the defendant as follows:

"Logan Iron Works.

"Brooklyn, N. Y., Oct. 17, 1893.

"Mr. M. T. Davidson, Brooklyn, N. Y.—Dear Sir: On Sept. 22nd we wrote you relative to balance of account, and have received no reply to same. Kindly let us know what you propose doing in the matter on or before Friday of this week, or we shall be compelled to put the matter in the hands of our attorneys.

"Yours, respectfully, 　　　　　　　　 Farrell, Logan & Son."

In answer to this letter the defendant sent the following reply:

"M. T. Davidson, Manufacturer of Improved Steam Pumps.

"Brooklyn, N. Y., October 18, 1893.

"Messrs. Logan Iron Works, Greenpoint, L. I.—Gentlemen: I have yours of the 17th, referring to yours of the 22d ult., which was also received. I have only to say, reference to yours of 22d, that when I make an agreement I stand by it, and I propose you will stand by the award made by Mr. Quinn. As to the price charged for castings, when you make the statement that it is excessive you simply know better. As for my ever agreeing to furnish the furnaces for $2,500, you also know better than that. Now, I have only one thing to say, —that, when you start in, make sure what you propose to do. I also have a bill, which, in equity, you ought to pay, amounting to a number of hundreds of dollars, and which I will produce at proper time. You can place the matter in the hands of your attorneys just as quick as you like.

"Respectfully, yours, 　　　　　　　　 M. T. Davidson."

There is no oral testimony in the case which modifies or changes in any degree the force and effect of these letters, nor is there any dispute of fact in connection therewith. They remain to be considered and construed by what appears upon their face, in connection with the undisputed fact that the defendant did not answer the first letter. This condition created a question of law for the court, and upon this subject there was no question of fact for submission to the jury. Dwight v. Insurance Co., 103 N. Y. 342, 8 N. E. 654; Edall v. Railroad Co. (not yet officially reported) 45 N. Y. Supp. 959. The defendant insists that these letters and the transaction constituted a complete accord and satisfaction, and that he became entitled to the direction of a verdict thereon in his favor. In Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, the court of appeals quote with approval the language used in Preston v. Grant, 34 Vt. 501, viz.:

"To constitute an accord and satisfaction, it is necessary that the money should be offered in satisfaction of the claim, and the offer accompanied with such acts and declarations as amount to a condition that, if the money is ac-

cepted, it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such condition. When a tender or offer is thus made, the party to whom it is made has no alternative but to refuse it, or to accept it upon such condition. If he takes it, his claim is canceled, and no protest, declaration, or denial of his, so long as the condition is insisted on, can vary the result. The principle is too well settled in this state to require either argument or the citation of authorities to support it."

Tested by this rule, the first letter of the defendant answered in every essential particular the requisite of a good accord. It states that the amount inclosed is in full settlement of account to date, and requests a receipt for the same. This, in effect, is a statement that the amount is in satisfaction of the claim, and imposes the condition that, if it is accepted, it must be in full satisfaction. It notified the plaintiffs of the condition upon which the check was sent, in unmistakable terms, and thereby imposed upon them the duty of accepting it in accordance with the condition, or of rejecting it. It was accepted, and in consequence operated as a satisfaction of the claim, and thus constituted a complete accord and satisfaction. It is said that it could not have this effect, as the plaintiffs immediately notified the defendant of the condition upon which they received the payment. We are not able to see how this changes the condition in the slightest degree, for the fact remains that the plaintiffs had notice of the condition upon which the payment was made, and with full knowledge of such condition they accepted it. The law permits of but two alternatives,—either to reject, or accept in accordance with the condition. They were not permitted to accept and disregard the condition, or to accept and impose a condition which destroyed the one upon which payment was tendered. To permit this would be to nullify the terms upon which the payment was made. It is claimed, however, that the plaintiffs' contention has the support of the authority we have cited. In this case the defendant wrote the plaintiffs, in reply to the bill rendered, inclosing his check for a sum less than the amount of the bill. This letter invited a reply from the plaintiffs respecting their attitude in regard to the tendered payment, and, although the statement which accompanied the check said that it was payment in full, yet the court said that, inasmuch as a reply was invited as to whether or not the payment was so received, he became bound to respond thereto when notified that it was not received in full, for the reason that, "had he then remained silent, it might have been presumed that he assented to the use which the plaintiffs had made of the check, and in time he would have been bound to pay the balance as upon an account stated." This doctrine is without force in the present case, for the reason that here no request was made that the plaintiffs reply to the condition upon which the payment was made, or how they understood or treated it. The purpose and notice were absolute to make it payment in full, and the only reply asked for or contemplated was that the plaintiffs acknowledge its receipt. It follows from this that the defendant was not called upon to make any reply to the plaintiffs' letter, and could in no wise be affected or prejudiced by his failure so to do. As to the plaintiffs,—they, having taken it

subject to the condition, could not relieve themselves from its consequences by any condition, protest, declaration, or denial, no matter how framed or how earnest the contention.

We are now to see if the defendant's reply to the second letter changed in any wise this condition. There is nothing in this letter which in words shows any disposition to recede from the former position, that the payment was in full, and the mere fact of sending it did not work such a result. Its statement is, "When I make an agreement, I stand by it, and I propose you will stand by the award made by Mr. Quinn." The award made determined the amount which was due to the plaintiffs under their arrangement to submit the matter to arbitration. It was this amount that defendant included in his payment, and which he insisted was the entire amount due, and which he paid. When he referred to the award, it must be understood as a reference to the amount determined thereby; and, when he insisted upon that sum standing, it was equally an insistence upon whatever steps he had taken thereunder, which included the payment made. In any event, there is nothing in the letter or any of its parts which shows any intention to abandon any legal right which he had secured, and the assertion of other rights, even though this was not expressly asserted, does not have the legal effect of relieving the plaintiffs from the consequence which followed their acceptance and use of the check. It is quite true that accord and satisfaction is in the nature of a contract, and requires a meeting of the minds of the parties. But, when one party imposes a condition, the other party is deemed to have assented to its terms when he avails himself of its benefits. He cannot accept the benefit in one breath, and repudiate the condition in the next. It follows that the defendant's motion to dismiss the complaint, made at the close of the plaintiffs' case, and subsequently renewed, should have been granted.

The judgment should therefore be reversed, and a new trial granted, with costs to abide the event. All concur.