(87 App. Div. 359.)

### MACK v. MILLER.

(Supreme Court, Appellate Division, First Department. November 13, 1903.)

1. VERDICT OF JURY—CONFLICTING EVIDENCE.
    Where, on the issue of the value of legal services, the evidence was conflicting, one lawyer placing the value of the services at $16,000, and witnesses for defendant placing the value as low as $100, a verdict awarding $700 could not be disturbed as being against the weight of the evidence.

2. ACCORD AND SATISFACTION—WHAT CONSTITUTES.
    The acceptance of a check for $250, accompanied by a letter stating, "I think this pays you well for what you have done for me," and also stating that the creditor had said he would take any amount the debtor offered, even as low as $10, did not constitute an accord and satisfaction, where the creditor, on receipt thereof, notified the debtor that he would not accept the check in full settlement of his claim, and waited two days, and, not hearing from the debtor, cashed the check.

Appeal from Trial Term, New York County.

Action by James F. Mack against Charles C. Miller. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

See 65 N. Y. Supp. 1139.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Eugene D. Hawkins, for appellant.
John J. Quencer, for respondent.

HATCH, J. This action is brought by an attorney at law to recover for legal services alleged to have been rendered to the de-

¶ 1. See Accord and Satisfaction, vol. 1, Cent. Dig. §§ 76, 78.

fendant. The complaint avers that the plaintiff rendered services for the defendant between the 18th and 30th days of January, 1900, and that the reasonable value of such services was the sum of $2,500. The defendant, by his answer, puts in issue the allegations of the complaint, and then sets up two separate defenses: (1) That he paid $250 to the plaintiff in full for the services, and (2) that he paid $250 in full accord and satisfaction and discharge of the plaintiff's claim. The defendant was the treasurer of the Peerless Rubber Company, and through one George Irwin and the firm of Price, Mc-Cormick & Co. defendant's company was sold to the Rubber Goods Manufacturing Company in January, 1899. As a part of this transaction, Irwin gave his note to the defendant for $125,000, payable January 26, 1900, secured by 5,000 shares of the stock of the company. The note provided that if it was paid by the sale of the stock, Price, McCormick & Co. should have the surplus, which agreement was subsequently released by that company. At the same time that Irwin gave the note he gave the defendant a contract, which recited the sale of the Peerless Rubber Company to Charles R. Flint, and further recited a contract between Irwin and Price, McCormick & Co. to divide the profits or losses of the sale one-fourth to Irwin and three-fourths to Price, McCormick & Co., and the contract then provided that the defendant should have one-half of Irwin's share. That would be one-eighth of the whole profit or loss. The defendant subsequently learned that Irwin, under his agreement with Price, McCormick & Co., was to have one-half interest in the profits or losses of the sale, and that, therefore, the defendant was entitled to a one-fourth interest therein instead of one-eighth, as called for by his contract with Irwin. Defendant thereupon demanded of Irwin that he give him a new contract increasing his interest to one-fourth. Miller placed the note for collection in the Merchants' Exchange National Bank, where it remained at the time the services sued for were rendered. Plaintiff met the defendant in the Imperial Hotel, where defendant was residing, advised with him, and he gave the plaintiff a history of the transaction, also a copy of the note, and requested him to draw up a written agreement for Irwin to sign, releasing to the defendant the 5,000 shares of stock held as collateral security. The plaintiff complied with the defendant's request, and drew up three written instruments, one of which was not used. The defendant saw Irwin, and procured his signature to the agreements, which virtually assigned the stock in question to the defendant. These agreements stated that the note was due and payable, and that by such assignment of stock the same was paid in full. As soon as this transaction was finished, the plaintiff reported what he had done to the defendant at the Imperial Hotel, and the defendant asked him what he owed plaintiff for his services, to which plaintiff replied that he could pay him anything he thought fit to give him; that he desired his friendship and clientage most of all. The defendant then requested the plaintiff to send in his bill, and on the next day, January 31, 1900, he received a letter from plaintiff, in which he said that the services he had rendered defendant were well worth $5,000, and that most attorneys would charge $10,000, but

that the defendant might send him a check for any amount between $2,500 and $5,000 and he would send him a receipt in full. The defendant objected to the amount of this charge. On February 2d the defendant sent a check to the plaintiff for $250, inclosed in the following letter:

"Jno. F. Mack—Dear Sir: Enclosed find check for $250.00. I think this pays you well for what you have done for me. You informed my wife and I that you would take any amount I offered and insisting on my fixing the price. You also said last evening you would take as low a sum as $10.00 or anything I wanted to give. Please send receipt.
        "Yours truly,                                        C. C. Miller."

On the same day defendant left the city, and went to Pittsburg, where he remained for one week. As soon as plaintiff received the letter and check, he wrote defendant the following letter:

                                        "Brooklyn N. Y. Feb. 2nd 1900 &c.
"Dear Sir: I received your letter of even date, enclosing check for two hundred and fifty dollars which I would be glad to apply on account of my bill for services rendered, as set forth in my letter of Jan. 31st, 1900. Under no circumstances could I accept the check for the above amount in full settlement of my bill.
        "Yours truly,                                        James F. Mack.
    "To Charles Miller."

The plaintiff then waited two days, and, not hearing from the defendant, cashed the check.

The nature, extent, and value of the services rendered by the plaintiff to the defendant was the subject of considerable and conflicting testimony upon both sides. The testimony offered by the plaintiff tended to show that the services were in fact of much greater value than the award of $700 which the jury gave; one lawyer placing the value of the services as high as $16,000, while the defendant's witnesses placed the value as low as $100. The employment being admitted, and some services having been rendered, the value of such services became exclusively a question for the jury, and we think their verdict cannot be disturbed as being against the weight of evidence. Upon this branch of the case, therefore, we find no basis for legal interference.

It is claimed by the defendant that the acceptance of the check and the appropriation of its proceeds by the plaintiff constituted an accord and satisfaction, and that, therefore, the complaint should have been dismissed. The letter of the defendant inclosing the check does not state that it is in full satisfaction of the claim. Its expression is, "I think this pays you well for what you have done for me," and then states what the plaintiff had said upon the subject of compensation which would satisfy him, and closes with the words, "Please send receipt." This letter cannot be construed as one imposing an absolute and unqualified condition that, if the check was used, it was to be in full payment for all services. On the contrary, it is easily susceptible of the construction that the defendant regarded the payment as equal in value to the services rendered, and urged his reasons therefor, and by fair inference the letter invited a reply upon such subject; and, if this be its proper construction, it is evident that it did not constitute a binding and absolute condition which prevented the appropriation

of the proceeds of the check at the peril of receiving it as payment in full. In Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785, this question was discussed. The claim there, as here, was unliquidated, and therefore furnished the basis upon which there could be an accord and satisfaction between the parties. The plaintiff therein had rendered a bill for $670, and in response thereto the defendant wrote him a letter, inclosing a check for $400, and stating in the letter that it was to be in full satisfaction of the plaintiff's claim, and expressing a hope that upon reflection the plaintiff would agree that it represented the reasonable value of his services. The plaintiff appropriated the proceeds of the check, and sent another bill for the same amount as was the original bill, crediting thereon the amount of the check as part payment, and claiming the balance as still due. Upon receipt of this communication the defendant immediately replied that he had sent the check upon condition that it should be received in full payment of the bill, that he could not consent to any other application of it, and that the plaintiff must either keep it upon that condition or immediately return it. To this notification the plaintiff made no reply, retained the proceeds of the check, and brought his action to recover the balance of his bill. The court held that the letter of the defendant inclosing the check, although stating that it was in full satisfaction of the plaintiff's claim, nevertheless was not to be treated as a binding condition upon the plaintiff, and that by its terms it invited a reply; that, had the plaintiff retained the check, and made no reply thereto, it would have operated as a binding agreement upon him that he accepted the check, and with it the condition that it was payment in full. As the plaintiff, however, replied to this letter, such reply operated as notice to the defendant that the plaintiff did not accept the check as payment in full. If he had made no reply thereto, he would be deemed to have acquiesced in the claim asserted by the plaintiff that a balance was still due. By his reply, however, he notified the plaintiff that he sent it upon a condition, and that it could only be retained with that obligation attached to it, and calling upon him either to assent to it or immediately return the money; and the court held that by not complying with this notice, and retaining the money, it operated conclusively, as matter of law, to a retention of the money bound by the condition, and that such retention constituted a good accord and satisfaction. The case of Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695, is not in conflict with this case, but, on the contrary, is in harmony with it. Therein the letter which inclosed the check stated that it was the amount of the plaintiff's claim, and asked for a receipt in full for the commissions which the check represented. This was repudiated, but the check was retained and appropriated. Subsequently the parties met, and the defendant therein claimed that the payment was in full, and that nothing more would be paid. The retention of the check there was held to constitute a good accord and satisfaction, and the doctrine of Fuller v. Kemp, supra, is cited with approval. In the Nassoiy Case the letter and the receipt clearly imported that the amount represented by the check was payment in full, and the defendant was subsequently notified of such fact. The courts have been uniform in holding that

under such circumstances a good accord and satisfaction is established. Logan v. Davidson, 18 App. Div. 353, 45 N. Y. Supp. 961, affirmed 162 N. Y. 624, 57 N. E. 1115. In Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289, 51 N. E. 986, it was said, in speaking of Fuller v. Kemp, supra, and Nassoiy v. Tomlinson, supra, "In these cases the doctrine of accord and satisfaction was carried to the extreme limit, and it is not our purpose to further extend the rule."

We have, therefore, a clear expression by the court of last resort that the limit of the doctrine of accord and satisfaction has been reached, and is not further to be extended in favor of the defendants relying thereon. In the present case is found the first supposition which the court announced in Fuller v. Kemp, supra, viz., that the first letter invited a reply, and the check was used. Had the transaction then ended, and the plaintiff remained silent, it would have been presumed that he accepted the check as payment in full. In the case now before us the letter invited a reply. The plaintiff appropriated the check, and replied thereto, stating the application which he had made of it, and that he refused to receive it as payment in full. The defendant remained silent, and thereby placed himself in the third supposed position announced in the Fuller Case, which indicated that he acquiesced in the appropriation and application which plaintiff had made of the money. Consequently, within the doctrine of that case, there was no accord and satisfaction, but, on the contrary, there was an acquiescence by the defendant in the disposition which was made of the payment, in consequence of which there became no binding accord and satisfaction. To hold otherwise would be to extend the doctrine beyond the adjudicated cases, which the Court of Appeals has announced may not be done.

The charge of the court to the jury fairly covered the case in all its aspects. There was nothing therein to which the defendant was entitled which was not fairly charged. We have examined the assignment of errors to the charge made by the defendant, and the several questions raised thereunder by him, and have reached the conclusion that no error prejudicial to the defendant's case was made by the court.

It follows that the judgment and order should be affirmed, with costs. All concur.