JAMES B. LAROE and JOHN G. LAROE, Appellants, v. SUGAR LOAF DAIRY COMPANY, Respondent.

*Accord and satisfaction — when it arises from the acceptance of a check accompanying an account in which it is stated to be "in full" thereof.*

Plaintiffs, who, for some years, had sold milk to the defendant corporation for a certain price, made an agreement with the defendant's secretary, by which they were to receive a higher price for the milk. Before the first payment for milk delivered under the new arrangement had become due, the defendant corporation sent a written notification to the plaintiffs that its secretary had no authority to make such new agreement and that it would not recognize the same.

In reply to this communication, the plaintiffs notified the defendant that they considered the new arrangement valid and that, if they received less than the

price fixed by such new agreement, they would give the defendant credit for the amount received and hold it liable for the balance.

Thereafter, from time to time, the defendant sent the plaintiffs statements showing the amount of milk delivered to it and the price computed at the rate prevailing prior to the making of the new agreement. These statements were balanced with the words "to check in full" and each of them was accompanied by a check for the amount appearing in the statement. The plaintiffs retained and used all of such checks without further protest or opposition.

*Held,* that the retention and use of the checks by the plaintiffs constituted a complete accord and satisfaction.

APPEAL by the plaintiffs, James B. Laroe and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange on the 27th day of January, 1903, upon the verdict of a jury rendered by direction of the court, and also from an order bearing date the 15th day of January, 1903, and entered in said clerk's office, denying the plaintiffs' motion for a new trial made upon the minutes.

*A. H. F. Seeger,* for the appellants.

*John J. Beattie,* for the respondent.

HIRSCHBERG, J.:

The plaintiffs are copartners engaged in dairy farming at Sugar Loaf, in Orange county. For some years immediately preceding the transactions which occasion this litigation they have sold their milk to the defendant, a domestic corporation, at a discount from New York market prices. They claim to have made an oral agreement with N. S. Knapp, defendant's secretary, in September, 1901, to sell and deliver their milk to the defendant from October 1, 1901, to April 1, 1902, at the market price free from discount. They did deliver the milk during the months referred to, and have received payment therefor at the old price, and this action is brought to recover the amount of the discount retained by the defendant. At the close of the plaintiffs' case the court directed a verdict in favor of the defendant upon the ground that the plaintiffs had accepted a check for each month's delivery for the less amount in full, and the accuracy and soundness of this direction are under review upon this appeal.

It may be conceded that there was sufficient evidence to establish

the making of the agreement, and that Knapp had authority to make it. The defendant, however, denied the authority of Knapp o bind it by such an agreement, and such denial was made early in the course of the dealings which are the subject of the controversy, and the denial was made in apparent good faith. The agreement was made on the plaintiffs' behalf by the plaintiff John G. Laroe, a brother-in-law of Knapp, and he knew at the time that the defendant was paying to its other customers only the market price less the discount. By the terms of the agreement, payment for the milk delivered each month was to be made on the twentieth day of the month following each month's delivery, the first payment accordingly coming due on November 20, 1901. A day or two before November 7, 1901, John G. Laroe had a conversation with the defendant's president, Mr. Sanford, and was informed by him that Mr. Knapp had no authority from the defendant to make an agreement binding it to pay the market price. On November 7, 1901, the defendant served upon the plaintiffs a written notice that the price which the company would pay for their milk would be only " the price fixed by said company to be paid to all other producers and shippers of milk at Sugar Loaf, N. Y.; " that the agreement which the plaintiffs claim to have made with Knapp was wholly without authority, and that " the said company will not recognize any such agreement, or pay any money on account thereof, in excess of said price, in any month, from the 1st day of October, 1901." To this communication the plaintiffs replied in writing on November 12, 1901, stating in effect that they claimed a valid contract at the New York market price, without any deduction, and that if less was paid them they would give the defendant credit for the amount received, and hold it for the balance.

On November 20, 1901, the defendant sent the plaintiffs a check for the October milk, accompanied with a statement showing the amount of milk delivered and the price computed with the disputed discount, and balanced, with the words, " To check in full." On receiving this statement and check Mr. John G. Laroe took the latter to Mr. Knapp, saying, " Now this check don't pay this bill in full." Mr. Knapp replied, " That is all that Sanford said he would pay on this bill." On each succeeding month a statement was sent to the plaintiffs balanced by check in full and accompanied with a

corresponding check, and all the checks were retained and used by the plaintiffs without any further protest or opposition.

It would seem that the plaintiffs are foreclosed from further claim. They knew that their claim was disputed by the defendant, and that it was disputed, not in denial of the making of the agreement, but of the authority of the agent to bind his principal. With this knowledge they elected to accept the amount which the defendant tendered in full, and with full knowledge, or the means of knowledge, that it was so tendered. In such circumstances it has been frequently held that the acceptance adopts the condition of the tender, and that no disclaimer by the creditor will avail to reserve a right of further recovery. (*People ex rel. McDonough* v. *Board of Managers, etc.,* 96 N. Y. 640; *Fuller* v. *Kemp,* 138 id. 231; *Nassoiy* v. *Tomlinson,* 148 id. 326; *Logan* v. *Davidson,* 18 App. Div. 353; affd., 162 N. Y. 624; *Wisner* v. *Schopp,* 34 App. Div. 199; *Lewinson* v. *Montauk Theatre Co.,* 60 id. 572; *Whitaker* v. *Eilenberg,* 70 id. 489; *Genung* v. *Village of Waverly,* 75 id. 610; *Brown* v. *Symes,* 83 Hun, 159; *Reynolds* v. *Empire Lumber Co.,* 85 id. 470; *Freiberg* v. *Moffett,* 91 id. 17.) The claim of the plaintiffs cannot be regarded as liquidated within the meaning of that term, as applied to the subject now under consideration. There was a genuine dispute between the parties as to the amount of the valid indebtedness, and it is only an *undisputed* liquidated claim or one not disputed in good faith which cannot be paid at less than its face without a new consideration. (*People ex rel. McDonough* v. *Board of Managers, etc.,* and *Nassoiy* v. *Tomlinson, supra.*) Moreover, it has been held in a very late case in the first department that the rule that an entire indebtedness cannot be discharged by a partial payment, even when so accepted, is not looked upon with favor, and is confined strictly to cases falling within it. (*Jackson* v. *Volkening,* 81 App. Div. 36.) Nor could the plaintiffs avoid the effect of the acceptance of the checks by the assertion that they did not notice the condition attached to the statements that such checks were remitted in full. In *Whitaker* v. *Eilenberg* (*supra*) there was no specific statement that the checks were remitted in full, but it was held sufficient that the creditor fully understood that they were so intended. The plaintiffs knew that the checks represented the full amount which the defendant regarded itself as obligated to pay. Whether they read

the statements or not, it is undisputed that they knew that the checks were in fact tendered in full, and that they were sent to be received, if accepted, in full discharge of the indebtedness, and their acceptance, under all the authorities, operated as an acceptance of the condition and as a payment and satisfaction.

There is nothing in the cases of *Eames Vacuum Brake Co.* v. *Prosser* (157 N. Y. 289) and *Komp* v. *Raymond* (175 id. 102) in conflict with the line of authorities hereinbefore cited, and both are distinguishable therefrom in fact and principle.

The judgment and order should be affirmed.

GOODRICH, P. J., BARTLETT, WOODWARD and JENKS, JJ., concurred.

Judgment and order affirmed, with costs.