liquidate its affairs, unless the case is one in which the stockholder has exercised due diligence, and in which no facts exist upon which corporate creditors can reasonably predicate an estoppel. When a corporation becomes bankrupt, the temptation to lay aside the garb of a shareholder on one pretense or another and to assume the role of a creditor is very strong, and all attempts of that kind should be viewed with suspicion."

We cannot assent to the proposition that such a doctrine is applicable to the questions of law presented by this demurrer. Nothing is disclosed which might or could have been considered as charging the plaintiff with negligence in allowing the time to elapse between his purchase and the discovery of the falsity of the representations made to him, even were such negligence fatal to his claim. He was concededly diligent in commencing his action after the discovery.

Nor can the following language of the court in Farrar v. Walker, 3 Dillon, 506, Fed. Cas. No. 4,679, control in the disposition of this case:

"But the business of these corporations is so managed in this country that justice requires at all events that, if one of its stockholders should make this paper and obligation secured by real estate which goes into the hands of the officers as so much assets of the corporation and is paraded before the public as an asset, and he stands up for two years and lets that note and obligation of his be counted every year to the public as so much cash which the company's creditors may look to to cover their losses, then it is too late—the lapse too long—to allow the fraud to be pleaded."

For, as far as is disclosed by this complaint, the rights of creditors who might have relied upon the validity of the plaintiff's purchase of stock are not involved, and the question resolves itself into one between the stockholders themselves. There is no reason, then, why this action should not be maintained. Surely it cannot be urged that it could not successfully have been instituted against the corporation had there been neither insolvency nor the appointment of a receiver. From the showing made in the complaint it would seem that, as far as the rights of outsiders were concerned, only that class of individuals can now be affected who would have felt it had the action been commenced before the appointment of a temporary receiver. That such an action against a corporation lies, has been established. Bosley v. National Machine Co., 123 N. Y. 550, 25 N. E. 990.

The judgment must therefore be affirmed, with costs. All concur.

---

(98 App. Div. 179)

### LE PAGE v. LALANCE & GROSJEAN MFG. CO.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. ACCORD AND SATISFACTION—DISPUTED CLAIMS—ACCEPTANCE OF PART OF CLAIM.

Where defendant disputed plaintiff's bill in good faith, and wrote to plaintiff that it would neither recognize nor pay the same, inclosing a check for the amount admitted to be due, and stated that the check was tendered in full satisfaction of the matter in controversy, and, if plaintiff was not satisfied, defendant's attorneys (naming them) were authorized to accept service of process, plaintiff's acceptance and retention of

the check without protest or objection constituted a complete accord and satisfaction; and plaintiff could not, three years later, sue for and recover the balance of what he claimed to be due.

Appeal from Trial Term, Queens County.

Action by Matthew Le Page against the Lalance & Grosjean Manufacturing Company. From a judgment dismissing the complaint upon the merits, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Thomas Abbott McKennell (Charles Everett Neier, on the brief), for appellant.

Masten & Nichols, for respondent.

HIRSCHBERG, P. J. The cause of action is for an alleged balance of $2,835 upon an architect's bill of $4,000 for services in the preparation of plans for a factory building, upon which bill the sum of $1,165 has been paid. The services were rendered by the plaintiff to the defendant, and a bill was rendered after the completion of the work, in October, 1899, for the $4,000, less payments made on account aggregating $400. The defendant disputed the bill in good faith, writing to the plaintiff that it would neither recognize nor pay the same; stating that the correct amount due and owing was only $765, for which amount a check to the plaintiff's order was inclosed; and adding that:

"We tender our check in full satisfaction of the matter in controversy. If same is not satisfactory, and you desire to institute legal proceedings, we beg to inform you that our attorneys, Mess. Masten & Nichols, No. 49 Wall St., this city, are authorized to accept service of summons and complaint."

This was under date of December 8, 1899. Upon receipt of the check, the plaintiff cashed it and used the money; never replying to the letter, so far as appears. The action was commenced more than three years afterwards, viz., on April 1, 1903, and an accord and satisfaction was set up among the defenses.

The acceptance and retention of the check constituted a complete accord and satisfaction, leaving no right in the plaintiff of any further recovery upon his disputed claim. Laroe v. Sugar Loaf Dairy Co., 87 App. Div. 585, 84 N. Y. Supp. 609, and cases cited. This is true equally whether the claim is to be regarded as liquidated or unliquidated, the dispute between the parties as to the amount of the indebtedness being a genuine one. The learned counsel for the appellant contend that the case is within the rule asserted in Mack v. Miller, 87 App. Div. 359, 84 N. Y. Supp. 440, to the effect that statements inviting a reply contained in a letter inclosing a check for less than the amount claimed for services rendered, if not replied to, will operate to prevent the use of the check from effecting an extinguishment of the claim. It is to be noted, however, that in that case the letter inclosing the check did not state that it was sent in full satisfaction of the claim. Moreover, the letter contained statements which not only invited, but elicited, a reply from the creditor repudiating the idea of an acceptance in full, and alleging that the payment would be applied only on account; and it was because the reply received no response that the court held that the

creditor was free to use the check on account, and that the debtor, by his silence, must be deemed to have acquiesced in the proposed limited application of it. Here, however, the fact was distinctly stated in the letter that the check was tendered in full satisfaction of the claim, and no reply was invited. On the contrary, the plaintiff was informed that, if the check was not satisfactory as a payment in full, he could at once sue upon his claim, and that the defendant's attorneys would accept service of process. The alternative presented was the acceptance of the check in full as a satisfactory remittance upon that condition, or the commencement of a lawsuit to test the plaintiff's right to the full amount claimed, in the event that he was unwilling to accept the smaller sum, coupled with the assurance that the determination of the issue would be expedited by the defendant's voluntary appearance in the action. By using the check under such circumstances, without protest or objection, the plaintiff must be deemed to have elected to accept the amount tendered upon the condition which accompanied it; and he could not years afterwards maintain an action upon the demand which such acceptance served to extinguish, under all the authorities. Even assuming—although, of course, we do not so decide—that he might at the time of the remittance have used the check, and also have sued at once for the balance claimed, good faith, at least, required such prompt action; and the long delay might very well be regarded as the additional manifestation of intention to accept the check in full payment, and not to sue, and therefore as sufficient in itself to establish such a meeting of the minds of the parties on the question of an accord and satisfaction as would necessarily operate to defeat a right of recovery so long subsequently asserted.

The dismissal of the complaint upon the merits was fully justified by the undisputed proof, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.