(56 Misc. Rep. 618.)

### SCHWARTZ et al. v. HIRSCH et al.

(Supreme Court, Appellate Term. December 20, 1907.)

1. SALES—CONSTRUCTION OF CONTRACT—ENTIRE CONTRACT.

The mere fact that a contract for a bill of goods calls for their delivery in several installments does not render the contract separable, so that there can be no recovery of the price before the whole quantity contracted for is delivered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 171–179.]

2. SAME—USE BY PURCHASER OF ALLOTMENT BEFORE ENTIRE DELIVERY.

Where a bill of goods is purchased by sample, delivery to be made in three allotments, the buyers have a right to receive and use the first allotment without waiting to see whether the sellers will fulfill their contract by delivering the residue, and by doing so they do not become liable for the price of that allotment, regardless of whether or not the sellers fulfill their contract.

3. ACCORD AND SATISFACTION—DISPUTED CLAIMS—ACCEPTANCE OF PART OF CLAIM.

Defendants purchased goods from plaintiffs by sample, delivery to be made in three allotments. The first allotment was received and used; but defendants, claiming that the goods were defective, refused to receive the other allotments, and sent a check for the amount due on the first allotment, which was to be in full satisfaction and settlement of all claims by them and of all disputes and matters between plaintiffs and defendants, and returned the rest of the goods that had been delivered. Plaintiffs accepted the check and credited the amount on defendants' account as part payment. *Held*, that there was a genuine and unquestioned dispute between the parties, and hence the acceptance and retention of the check constituted a complete accord and satisfaction, since the acceptance of the check involved the acceptance of the conditions imposed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Accord and Satisfaction, §§ 66–83.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Mendel Schwartz and others against Joseph Hirsch and another. Judgment for plaintiffs, and defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Wentworth, Lowenstein & Stern (Edwin F. Stern, of counsel), for appellants.

Morrison & Schiff (Jacob R. Schiff, of counsel), for respondents.

McCALL, J. I do not see, unless we are to reject the rulings of our appellate courts, but that an absolute case of accord and satisfaction has been demonstrated in the proof submitted upon the trial of this case. The learned trial justice, in disposing of the issues, seems to have been controlled by the idea that the claim was a liquidated one, the amount due certain, and the check sent represented an amount that would have to be paid in any event, as concededly the defendants had received, retained, and used the merchandise forwarded at least up to a value equivalent to the sum so paid, and under such conditions the claim of accord and satisfaction was not tenable.

The facts may be practically taken as conceded. The defendants purchased from the plaintiffs a certain bill of merchandise, predicating the same upon a sample submitted by a traveling salesman. The delivery of the goods was to be made in three separate allotments, and the first allotment, representing a value of about $39, was received, used, and partially disposed of by the defendants. Under the claim of the defendants that the goods were defective in the material used or manufacture thereof, the defendants refused to receive any but the first allotment, returning the rest to the plaintiffs, and inclosing a check for $35.10 in payment; the said amount representing the value of the first

allotment less a sum allowed the defendants under some custom of the trade for commissions.   This check was on an Oklahoma bank, and was returned to defendants in a letter dated December 14, 1905. Thereafter, and on February 7, 1906, the defendants wrote a letter to the plaintiffs, inclosing a check on the Citizens' National Bank of New York for the same amount, payable to the plaintiffs, and by the terms of the letter the defendants notified the plaintiffs that the check was forwarded in full satisfaction and settlement of all claims by the plaintiffs, and in settlement of all disputes and matters between the plaintiffs and defendants;   and this check the plaintiffs retained, indorsed, and collected the amount the payment of which it provided for.   It is true that the plaintiffs immediately wrote to defendants, acknowledging the receipt of the check and that they intended to credit it on full account, and demanded payment of balance due.   Now what does such a state of facts show?

First. Unquestionably that the contract was an entire one, even though the delivery of the goods was by installment, and no right of action accrues, nor can a recovery be had, until the whole quantity contracted for is delivered (Nightingale v. Eiseman, 121 N. Y. 288, 24 N. E. 475);   and by the doctrine announced in the same case (50 Hun, 189, 2 N. Y. Supp. 779) these defendants had a right to receive and use the first allotment without waiting to see whether the plaintiffs would fulfill their contract by delivering the residue.   So that it will be observed that it was erroneous to assume that:

"In any event, the defendants, on their own showing, were liable to the plaintiffs for $35.10."

Secondly. A genuine and unquestioned dispute between the parties; and under such circumstances the acceptance and retention of this check constituted a complete accord and satisfaction, and this, too, whether the claim is to be regarded as liquidated or unliquidated.   Le Page v. Lalance & Grosjean Mfg. Co., 98 App. Div. 179, 90 N. Y. Supp. 676.   The situation is not ameliorated by the writing of the letter of February 15th stating the amount received would be credited to the full account, and demanding payment of balance;   for when that check was sent in full payment, etc., the plaintiffs either had to accept under the conditions imposed or return it.   They could not keep it and impose other conditions.   The acceptance of the money involved the acceptance of the conditions.   Fuller v Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785;   Dunn v. Whalen, 120 App. Div. 729, 105 N. Y. Supp. 588;   Williams v. Bienenzucht et al. (Sup.) 104 N. Y. Supp. 438.

For the reasons thus advanced, this judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.